PEOPLE *v.* KELSEY.

1. CRIMINAL LAW—MANSLAUGHTER BY ABORTION—UNRESPONSIVE ANSWER.

In prosecution of a doctor for manslaughter resulting from abortion alleged to have been performed on a pregnant woman, unresponsive answer of sheriff made to question put to him relative to instruments taken from defendant's office did not result in reversible error where prompt objection was made thereto and jury instructed to disregard it.

2. SAME—VOLUNTARY AND UNRESPONSIVE ANSWERS.

A voluntary and unresponsive statement made by a witness at the trial in prosecution for crime does not ordinarily constitute error.

3. HOMICIDE—DYING DECLARATIONS—ADMISSIBILITY.

In prosecution for manslaughter resulting from abortion, the taking of preliminary testimony in the presence of the jury to determine the admissibility of proffered dying declaration did not. constitute reversible error where declaration was held to be inadmissible because ·it did not appear that deceased sensed impending death at the time it was given.

4. CRIMINAL LAW—DYING DECLARATION—ADMISSIBILITY—PRELIMINARY EXAMINATION—PRESENCE OF JURY—DISCRETION OF COURT.

It is discretionary with the trial court in trying prosecution for manslaughter resulting from abortion as to whether or not the taking of preliminary testimony to determine the admissibility of a proffered dying declaration shall be done before the jury.

5. SAME—MANSLAUGHTER BY ABORTION—CROSS-EXAMINATION AS TO OTHER OFFENSES—PREJUDICE.

Interrogation of defendant in prosecution for manslaughter resulting from abortion as to four other women by series of questions which insinuated he had performed abortions upon them, allegedly for purpose of testing his memory and credibility, *held,* reversible error notwithstanding objection was

not interposed to such cross-examination in the trial court, since such examination could have been for no other purpose than to create prejudice in minds of jurors, and Supreme Court, under its supervisory powers, should take cognizance of serious error committed in trial court.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 16, 1942. (Docket No. 102, Calendar No. 41,809.) Decided December 23, 1942.

James H. Kelsey was convicted of manslaughter by abortion. Reversed and new trial granted.

*Warner, Norcross & Judd* and *Joseph Shulsky,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Raymond W. Fox,* Prosecuting Attorney, for the people.

STARR, J. Defendant appeals from a conviction and sentence for the crime of manslaughter resulting from an abortion alleged to have been performed on one Betty Avery.

The only testimony directly connecting respondent with the alleged offense was that of one Henry Lubking who testified that he drove the deceased from her home in Kalamazoo to defendant's office in Cassopolis for the purpose of having the alleged illegal operation performed. Without detailing his testimony, it suffices to say that it tended to establish that the defendant was guilty of the crime charged. In contradiction to this testimony was that of defendant and two witnesses sworn in his behalf, which, if the jury had believed it, would have established an alibi.

Charles Struble, sheriff of Kalamazoo county, was called as a witness by the prosecution. On cross-examination, while being questioned relative to certain instruments taken by him from defendant's office, the following testimony was elicited:

"*Q.* Who was—you yourself didn't know about the instruments and the medicines, I take it?

"*A.* Only from the description given me by Betty Avery."

Prompt objection was made to this testimony and the trial court instructed the jury that it should be disregarded, but refused to grant defendant's motion for a mistrial.

In view of the court's instruction to the jury, we do not believe that the unresponsive answer given by witness Struble resulted in reversible error. *People* v. *Podsiad,* 295 Mich. 541. A voluntary and unresponsive statement does not ordinarily constitute error. *People* v. *Todaro,* 253 Mich. 367. See, also, *People* v. *Tutha,* 276 Mich. 387.

Error is assigned because the court took preliminary testimony to determine the admissibility of a proffered dying declaration in the presence of the jury. The declaration was held to be inadmissible because it did not appear that the deceased sensed impending death at the time it was given. See *People* v. *Christmas,* 181 Mich. 634; *People* v. *Bradfield,* 300 Mich. 303. The same question was raised in *People* v. *Cutler,* 197 Mich. 6, wherein it was held to be discretionary with the trial court as to whether the preliminary testimony taken to determine the admissibility of such a declaration should be taken before the jury. We recognize, however, a lack of harmony in the authorities on the question (30 C. J. p. 267) but are not disposed to depart from our previously announced rule. Further, we find no abuse of discretion in connection with the trial court's disposition of this point.

During the trial, the witnesses were excluded from the court room. The defendant testified in his own behalf, and on cross-examination, the prosecutor interrogated him relative to four other women

by a series of questions which insinuated that he had performed abortions on these parties. In each instance, the reply would be either in the negative or that he did not know any party by that name. The woman would then be called into the court room and the cross-examination continue, with the asking of questions such as the following, all of which were denied by defendant:

"*Q.* Did you not in September of 1939, Doctor, perform a criminal abortion upon that young lady?"

"*Q.* Do you not recall asking that young lady when she was in your office, 'How far along are you?' "

"*Q.* Don't you recall that young lady paying you ten dollars for performing a criminal abortion upon her?"

"*Q.* Well, now, Doctor, do you recall asking that young lady, 'How did you get this way,—by being in a car that turned over and you were on the bottom?' "

"*Q.* Don't you remember, Doctor, inserting a long rod with a small ball upon the end of it into the private parts of that young lady?"

"*Q.* Now, Doctor, to refresh your recollection, don't you remember heating that rod over a flame, having first placed it in a bottle of liquid, and then wiping it off with some wet cotton before using it?"

"*Q.* I will ask you whether or not on the 28th or 29th of July, 1940, you performed a criminal abortion upon that girl, Viola Greer?"

"*Q.* Doctor, don't you recall on that occasion inserting a metal instrument 10 or 11 inches long, having first held that instrument over a flame, into the private parts of that young lady?"

"*Q.* I will ask you, Doctor, whether or not at that time, as you were inserting an instrument into her private parts, didn't she scream, 'Doctor, you are hurting me'?"

The prosecutor contends that the aforementioned cross-examination was for the purpose of testing the

memory and credibility of the defendant. We think, however, that the interrogation went far beyond the boundaries of permissible cross-examination. Such an examination could have been for no other purpose than to create prejudice in the minds of the jurors. The tactics pursued have been previously condemned in *People* v. *Gotshall,* 123 Mich. 474; *People* v. *Dowell,* 136 Mich. 306; and *People* v. *Wright,* 294 Mich. 20. Appellee contends, however, that complaint of the cross-examination cannot be made now because no objection was interposed thereto in the trial court. Ordinarily this is true, yet, as here, where serious error has been committed, this court should take cognizance of such error under our supervisory powers although no objection was made in the trial court. *People* v. *Holmes,* 292 Mich. 212. For this reason, the case must be reversed and a new trial granted.

Error is also assigned in connection with certain argument of the prosecutor to the jury. Inasmuch as it is admitted that the argument was improper, it is unlikely to occur on a new trial and we, therefore, deem it unnecessary to discuss the question.

Reversed and remanded for a new trial.

CHANDLER, C. J., and BOYLES, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.