PEOPLE v WRIGHT

PEOPLE v CHESTNUT

Docket Nos. 60399, 61672. Submitted June 6, 1983, at Detroit.—Decided August 31, 1983.

The Detroit Recorder's Court, David P. Kerwin, J., dismissed charges of kidnapping, two counts of first-degree criminal sexual conduct and felony-firearm against Glenn Wright and dismissed charges of kidnapping against Reginald Chestnut and, in a separate case, dismissed charges of possession of heroin with intent to deliver against Wright. At the time of their arrests, both defendants were parolees. Parole holds were placed on the defendants by the Department of Corrections. The trial judge held that the prosecutor failed to take good faith action to bring defendants to trial within 180 days of the filing of the parole holds. The people appealed the case charging Wright with possession of heroin by leave granted and appealed the other case as of right. The Court of Appeals consolidated the cases on appeal. *Held:*

The filing of the parole holds did not trigger the running of the 180-day period. Until revocation of parole, a paroled prisoner who is being detained locally and against whom a parole hold has been filed is not, by virtue of the hold, awaiting incarceration in a state prison, and the 180-day rule does not apply. The dismissal of the charges should be reversed and the cases remanded to the trial court.

Reversed and remanded.

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE.

The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants begins with the coincidence of either of following conditions 1 or 2 and condition 3: (1) the issuance of a warrant, indictment or complaint against a person incarcerated

REFERENCE FOR POINTS IN HEADNOTES

[1-3] 21A Am Jur 2d, Criminal Law § 854.

in a state prison or under detention in any local facility awaiting incarceration in any state prison; or (2) the incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and (3) the prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one in their custody (MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.).*

2. CRIMINAL LAW — PAROLED PRISONERS — PAROLE REVOCATION HEARINGS.

Paroled prisoners who are under accusation of violation of parole are entitled to parole revocation hearings within 45 days of their return to state prison or of their availability for return to prison; such hearings may take place at the prison or locally and are to be preceded by preliminary probable cause hearings or written notice of the charges and the evidence to be presented against the parolee at the fact-finding parole revocation hearing; only if a violation of parole is established by a preponderance of the evidence can parole be revoked and, even if a violation of parole is established, the parole board may decline to revoke parole (MCL 791.239a, 791.240a[1][6]; MSA 28.2309[1], 28.2310[1][6]).

3. CRIMINAL LAW — PAROLED PRISONERS — 180-DAY RULE.

The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants does not begin to run against a paroled prisoner who is being detained locally and against whom a parole hold has been filed until revocation of parole (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Cohn & Slameka* (by *Robert E. Slameka),* for defendant Wright.

*Andreas M. Getschmann,* for defendant Chestnut.

Before: D. F. WALSH, P.J., and BEASLEY and D. L. SULLIVAN,* JJ.

D. F. WALSH, P.J. The prosecutor appeals the dismissal with prejudice of charges filed against defendants Glenn Wright and Reginald Chestnut. In docket no. 60399, defendant Wright was charged with, and bound over to Detroit Recorder's Court on, kidnapping, two counts of first-degree criminal sexual conduct, and felony-firearm. MCL 750.349, 750.520b(1), 750.227b; MSA 28.581, 28.788(2)(1), 28.424(2). Defendant Chestnut was charged with kidnapping and felony-firearm but was bound over to recorder's court only on the kidnapping charge. In docket no. 61672, defendant Wright was charged with possession of heroin with intent to deliver. MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). In each case, the trial court granted defendants' motions to dismiss all charges, ruling that the 180-day rule had been violated. MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.*

At the time of their arrests and detention in Wayne County jail, both of these defendants were parolees. Immediately after their arrests, and because of the possibility of violations of the terms of their paroles, parole holds were placed on them by the Department of Corrections. For purposes of this appeal, we accept the trial court's finding that the prosecutor failed to take good faith action to bring defendants to trial within 180 days of the filing of the parole holds. If the 180-day rule applies to these fact the court lost jurisdiction in

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

these cases. See *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959).

1957 PA 177 provides:

"Sec. 1. Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail. [MCL 780.131; MSA 28.969(1).]

\* \* \*

"Sec. 3. In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." MCL 780.133; MSA 28.969(3).

In *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978), the Supreme Court discussed the issue of when the 180-day period begins to run:

"We hold that the statutory period begins with the coincidence of either conditions 1 or 2 and condition 3:

"(1) The issuance of a warrant, indictment or complaint against a person incarcerated in a state prison or under detention in any local facility awaiting incarceration in any state prison;

"(2) The incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and

"(3) The prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one sentenced to their custody."

The issue presented in this case is whether a person detained in a local facility, and against whom a parole hold has been filed, is under detention awaiting incarceration in a state prison. We answer this question in the negative, and hold that the filing of the parole holds in these cases did not trigger the running of the 180-day statutory period.

Until revocation of parole, it is possible that a paroled prisoner who is being detained, for whatever reason or reasons, in a local facility will not be returned to state prison to finish out his or her original sentence. Paroled prisoners who are under accusation of violation of parole are entitled to parole revocation hearings within 45 days of their return to state prison or of their availability for return to prison. The hearing may take place at the prison or locally. MCL 791.240a(1); MSA 28.2310(1)(1). Such hearings are to be preceded by preliminary probable cause hearings or written notice of the charges and the evidence to be pre-

sented against the parolee at the fact-finding, parole revocation hearing. MCL 791.239a; MSA 28.2309(1). Only if a violation of parole is established by a preponderance of the evidence can parole be revoked. Even if a violation of parole is established, the parole board may decline to revoke parole. MCL 791.240a(6); MSA 28.2310(1)(6).

Until revocation of parole, a paroled prisoner who is being detained locally, and against whom a parole hold has been filed, is not, because of the hold, awaiting incarceration in a state prison. The *Hill* standard is, therefore, not satisfied and the 180-day rule does not apply. Of course, a parolee, as all other defendants, is not precluded from claiming violation of his or her constitutional right to a speedy trial.

We reverse the dismissals of the aforementioned charges and remand to the trial court for further proceedings. Our order of reversal is without prejudice to the filing of motions in the trial court for evidentiary hearings in that forum for a determination of whether defendants' paroles were revoked before entry of the orders of dismissals. If their paroles were revoked before dismissal, it shall be for the trial court to determine if the 180-day rule was violated by virtue of the delay between revocation and dismissal.

Reversed. We do not retain jurisdiction.