PEOPLE v ROSE

Docket No. 69261. Submitted November 8, 1983, at Grand Rapids.—
    Decided March 6, 1984.

Clarence M. Rose, while on parole from the Department of
    Corrections, was arrested on June 16, 1982, on a charge of
    receiving and concealing stolen property. He was unable to
    make bail and was therefore detained in the Jackson County
    jail. On June 28, 1982, Rose waived preliminary examination
    and the Department of Corrections placed a parole hold against
    him. Following an October 15, 1982, pretrial conference in
    Jackson Circuit Court, Rose made motions to suppress certain
    testimony, to sever his trial from that of his codefendant and
    for a bill of particulars. Those motions were granted, and on
    December 20, 1982, the trial date was set for January 18, 1983.
    On December 23, 1982, Rose moved for dismissal of the charge
    on the basis of the failure of the prosecutor to bring him to
    trial within the 180-day period mandated by statute, Rose
    arguing that his incarceration in the county jail under a parole
    hold brought him within the scope of the 180-day statute.
    Russell E. Noble, J., granted Rose's motion and dismissed the
    charge. The prosecutor appeals. *Held:*

The filing of the parole hold did not trigger the running of
    the 180-day period. Until revocation of parole, a paroled pris-
    oner who is being detained locally and against whom a parole
    hold has been filed is not, by virtue of the hold, awaiting
    incarceration in a state prison, and the 180-day rule does not
    apply. The dismissal of the charge should be reversed and the
    case remanded to the trial court.

Reversed and remanded.

R. M. MAHER, J., concurred. He would hold that, since the
    prosecutor, in good faith, initiated the proceedings within the
    statutory period and there was no inexcusable delay in bring-
    ing defendant to trial, the statutory requirement was satisfied.

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 21A Am Jur 2d, Criminal Law § 849 *et seq.*

1. CRIMINAL LAW — PAROLED PRISONERS — 180-DAY RULE.

   The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants is not applicable with respect to a paroled prisoner who is being detained locally for a crime committed while on parole and against whom a parole hold has been filed (MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.).*

2. CRIMINAL LAW — PAROLED PRISONERS — SPEEDY TRIAL.

   A parolee facing new criminal charges does not lose, by virtue of his status as a parolee, the right to avail himself of any means to secure a prompt disposition of the pending charge, including the constitutional right to a speedy trial (US Const, Am VI; Const 1963, art 1, § 20).

CONCURRENCE BY R. M. MAHER, J.

3. CRIMINAL LAW — INCARCERATED DEFENDANTS — 180-DAY RULE.

   *The statute requiring that proceedings against a prison inmate on an untried information or indictment be initiated within 180 days does not require that trial on such charge be commenced within 180 days, but rather that the prosecutor take good faith action to commence the proceedings; it is error to dismiss charges on the basis of the 180-day statute where the prosecutor, in good faith, has initiated the criminal proceedings within the 180-day period and there has been no inexcusable delay in the proceedings (MCL 780.131 et seq.; MSA 28.969[1] et seq.).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *David M. McClorey,* Assistant Prosecuting Attorney, for the people.

*Jacobs & Engle, P.C.* (by *Kathleen A. Wheeler),* for defendant.

Before: ALLEN, P.J., and R. M. MAHER and R. H. BELL,* JJ.

PER CURIAM. The prosecutor appeals the dismissal with prejudice of the charge against defendant for receiving and concealing stolen property

* Circuit judge, sitting on the Court of Appeals by assignment.

valued over $100, MCL 750.535; MSA 28.803. By opinion dated January 11, 1983, the trial court ruled that defendant was an "inmate" for purposes of the 180-day rule and granted defendant's motion to dismiss.

Defendant was arrested on June 16, 1982, while on parole from the Department of Corrections. He was unable to make bail and was therefore detained in the Jackson County jail. On June 28, 1982, defendant waived preliminary examination and the Department of Corrections placed a parole hold against him. Following the pretrial conference on October 15, 1982, defendant filed motions to suppress testimony, for severance of his trial from that of his codefendants and for a bill of particulars. The motions were granted, and on December 20, 1982, the trial date was set for January 18, 1983. Defendant filed a motion to dismiss for violation of the 180-day rule of MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.,* on December 23, 1982.

The question presented is whether an individual detained in a local facility, and against whom a parole hold has been filed, is "an inmate of a penal institution of this state" to whom the protection of the 180-day rule applies. We hold that he is not and reverse the order of dismissal entered by the trial court.

In *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978), the Supreme Court set forth the following discussion on the running of the 180-day statutory time period:

"We hold that the statutory period begins with the coincidence of either conditions 1 or 2 and condition 3:

"1) The issuance of a warrant, indictment or complaint against a person incarcerated in a state prison or

under detention in any local facility awaiting incarceration in any state prison;

"2) The incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and

"3) The prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one sentenced to their custody."

The extent of the statute has been said to be "unambiguously plain" and the Supreme Court has emphasized that the object of the act is to dispose of untried charges against prison inmates and, to that effect, the statute "is to be applied as written". *People v Woodruff,* 414 Mich 130, 136; 323 NW2d 923 (1982).

Although the Supreme Court has not addressed this issue in the context of the present factual situation, other panels of this Court have recently considered the applicability of the 180-day rule to parolees. In *People v Wright,* 128 Mich App 374; 340 NW2d 93 (1983), under facts substantially similar to those of the present case, this Court held that the filing of a parole hold did not trigger the running of the 180-day time period. Continuing, the Court stated that, until parole was revoked, a paroled prisoner who was being held in a local facility was not awaiting incarceration in a state prison by virtue of the parole hold. Thus, the 180-day rule was inapplicable and the dismissal of the criminal charges was improper.

A similar result was reached in *People v Sanders,* 130 Mich App 246; 343 NW2d 513 (1983). In that case, this Court examined the scope of the phrases "penal

institution" and "state prison" and determined that the 180-day rule only applies "where a person is assigned to a state correctional facility on pre-parole status". Although a parolee is technically under the legal custody and jurisdiction of the Department of Corrections, the parolee is free from the enclosures of the prison facility and, therefore, is not an inmate of a state penal institution or incarcerated for purposes of the 180-day rule.

We find the cases cited above to be dispositive. Keeping in mind that the object of the act is to dispose of untried charges against prison inmates, *Woodruff, supra,* we hold that defendant was not an inmate for purposes of the 180-day rule. Defendant was not incarcerated in a state prison nor under detention in a local facility awaiting incarceration in a state prison. Thus, the trial judge erroneously dismissed the charge pending against defendant.

Due to our resolution of the threshold question on the applicability of the statutory 180-day time period, we need not address the second issue raised by the prosecutor. We note, however, that defendant, by virtue of his status as a parolee, has not lost the right to avail himself of other means by which to secure a prompt disposition of any pending charges, such as the constitutional right to a speedy trial. US Const, Am VI; Const 1963, art 1, § 20.

Reversed and remanded for further proceedings.

R. M. MAHER, J. *(concurring).* I concur in the result reached by the majority. The trial court incorrectly found that the prosecution had violated the 180-day rule. MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.; People v Schinzel (On Remand),* 97 Mich App 508, 511; 296 NW2d 85 (1980), *lv den* 411 Mich 982 (1981).