## PEOPLE v HASTINGS

Docket No. 70861. Submitted February 9, 1984, at Lansing.—Decided July 16, 1984.

Douglas C. Hastings was convicted on his plea of guilty in Jackson Circuit Court, Russell E. Noble, J., of receiving and concealing stolen property with a value of more than $100 and of being an habitual offender. Defendant appealed. *Held:*

1. Since defendant was held in a local detention facility, even though he had a parole hold filed against him, he was not an inmate of a penal institution of the state within the meaning of the statute requiring that prosecution of a prison inmate commence within 180 days. Accordingly, defendant is not entitled to a dismissal on the basis that he was not prosecuted within the 180-day period.

2. The receiving stolen goods statute, despite its 1979 amendment which brought within its proscription a person who possesses or conceals, still does not encompass within its proscription the thief who stole the goods. Since the defendant admitted during his recital of the factual basis that he was the thief, he could not be convicted of receiving and concealing the stolen property.

Reversed.

J. H. GILLIS, J., dissented. He would hold that the 1979 amendment to the receiving and concealing stolen property statute evidences an obvious intent by the Legislature that the statute now applies to the thief who stole the goods. He would affirm.

### OPINION OF THE COURT

1. CRIMINAL LAW — PAROLED PRISONERS — 180-DAY RULE.

The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 849 *et seq.*
    59 Am Jur 2d, Pardon and Parole § 102.
[2, 3] 50 Am Jur 2d, Larceny § 80.
    66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 4, 11.

outstanding warrants is not applicable with respect to a pa-
roled prisoner who is being detained locally for a crime commit-
ted while on parole and against whom a parole hold has been
filed (MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.*).

2. RECEIVING STOLEN GOODS — CRIMINAL LAW.

The statute concerning receiving stolen goods, even after its
amendment to include within its proscription a person who
possesses or conceals stolen property, must still be construed to
exclude thieves who conceal the property they have stolen
(MCL 750.535; MSA 28.803).

DISSENT BY J. H. GILLIS, J.

3. RECEIVING STOLEN GOODS — CRIMINAL LAW.

*The 1979 amendment to the statute concerning receiving stolen
goods to include within its proscription one who possesses or
conceals stolen property evidences an intent by the Legislature
that the thief who stole the goods can now be convicted under
the statute for possessing or concealing those stolen goods
(MCL 750.535; MSA 28.803).*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Edward J. Grant,* Prose-
cuting Attorney, and *Joseph A. Greenleaf,* Chief
Appellate Attorney, for the people.

State Appellate Defender (by *Mardi Crawford),*
for defendant on appeal.

Before: CYNAR, P.J., and J. H. GILLIS and R. C.
ANDERSON,* JJ.

PER CURIAM. Defendant pleaded guilty to a
charge of receiving and concealing stolen property
with a value over $100, MCL 750.535; MSA 28.803,
and to being an habitual offender, MCL 769.11;
MSA 28.1083. He was sentenced to a prison term
of seven to ten years and appeals as of right.

Defendant seeks a dismissal of the charges
against him on the basis of the failure to comply

---

* Circuit judge, sitting on the Court of Appeals by assignment.

with the 180-day rule of MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.* We decline to grant him such relief. Defendant was on parole at the time of his arrest, June 15, 1982. A parole hold was placed on defendant the following day, and again on June 29, 1982. Defendant's plea was taken on December 29, 1982, 183 days after the second parole hold was placed.

However, this Court has determined that an individual detained in a local facility, and against whom a parole hold has been filed, is not "an inmate of a penal institution of this state" to whom the protection of the 180-day rule applies. *People v Rose,* 132 Mich App 656; 347 NW2d 774 (1984); *People v Wright,* 128 Mich App 374; 340 NW2d 93 (1983).

Defendant raises four other issues, one of which requires that we reverse his plea-based conviction. In reciting a factual basis for his plea of guilty to receiving and concealing stolen property, defendant indicated that he had committed the theft.

The Michigan Supreme Court has ruled that under Michigan's statutory scheme thieves are to be punished for larceny; a thief may not be convicted of receiving and concealing property he has stolen. *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978).

The prosecution insists that *Kyllonen* is no longer good law in the wake of a subsequent amendment adding "possesses" and "conceals" to the list of prohibited conduct in MCL 750.535; MSA 28.803. 1979 PA 11, effective March 27, 1980. Reliance by this Court upon the rule announced in *Kyllonen* has been uncritical, and it appears that the prosecution's argument has not thus far been addressed. See *People v Price,* 126 Mich App 647, 654-655; 337 NW2d 614 (1983), *lv den* 417 Mich

1100.40 (1983); *People v Johnson,* 110 Mich App
735, 738; 313 NW2d 93 (1981); *People v Wolak,* 110
Mich App 628; 313 NW2d 174 (1981), *lv den* 414
Mich 940 (1982); *People v Wilbert,* 105 Mich App
631; 307 NW2d 388 (1981). However, in 3 CJI, ch
26 Commentary, Stolen Property, p 27, the author
says of the 1979 amendment: "This broadening of
the statute would seemingly indicate that the
legislative intent is now to encompass thieves who
possess or conceal property they have stolen." We
disagree and reject the prosecution's assertion that
the thieves may now be prosecuted for receiving or
concealing property they have stolen.

The *Kyllonen* Court grounded its opinion not
only upon the precise language of the receiving
and concealing statute, but also upon its purpose
as reflected in its legislative history. On this note,
the Court stated:

"This early history reveals that the statutory crime
of buying or receiving stolen property was originally
designed and intended to proscribe conduct by persons
who helped thieves dispose of thier illegal booty. It was
born out of a need to change the common law which
permitted these persons to escape serious criminal lia-
bility. The statutory development was marked by a
series of refinements directed towards prosecution and
conviction of these offenders. Nowhere is there an indi-
cation that the statute also was intended to be an
alternative provision under which thieves could be
convicted." 402 Mich 144.

We do not perceive that the addition by the
Legislature of the words "possesses" and "con-
ceals" signals an intent to broaden the scope of the
statute beyond that group of offenders tradition-
ally targeted. Such a significant change in the
statutory thrust would not have been made so
subtly.

California Penal Code, § 496(1) contains that state's counterpart to MCL 750.535; MSA 28.803. Section 496(1) is directed at one who "buys * * * receives * * * *conceals,* sells, withholds or aids in concealing, selling or withholding". (Emphasis supplied.) The emphasized language, similar to that found in our amended statute, could arguably reach the thief. However, the California Supreme Court has said:

"The statute proscribing receipt of stolen property '* * * is directed at those who knowingly deal with thieves and with their stolen goods after the theft has been committed. In other words, it is directed at the traditional "fence" and at those who lurk in the background of criminal ways in order to provide the thieves with a market or depository for their loot. Such offenses are essentially different from the actual theft of property prohibited by section 484 * * *. If the legislature had intended in [§ 496] to embrace concealment of stolen property by the thief, it would have been a simple matter to say "every thief or any other person * * * who conceals, etc.' * * * A defendant may, of course, be charged with both crimes, but it is for the trier of fact to determine whether he is guilty as a thief or as a non-thief of concealing and withholding.' *[People v Tatum,* 209 Cal App 2d 179, 183-184; 25 Cal Rptr 832, 834 (1962).]"

*People v Jaramillo,* 16 Cal 3d 752, 758; 129 Cal Rptr 306; 548 P2d 706 (1976). See also *People v Jackson,* 78 Cal App 3d 533; 144 Cal Rptr 199 (1978). We conclude that *Kyllonen* retains its vitality.

Recognizing that its decision could result in difficulties for the prosecution if defendant's status as the thief was uncertain, the *Kyllonen* Court provided some practical suggestions for addressing these difficulties. See 402 Mich 148-150. This brief passage should be required reading at the prose-

cutor's office. The remaining issues need not be addressed.

Reversed.

J. H. Gillis, J. *(dissenting)*. I dissent. I believe that the 1979 amendment to MCL 750.535; MSA 28.803, which added the words "possesses" and "conceals", effectively overruled *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978). *Kyllonen* dealt with:

"* * * a single narrow and unique question of statutory interpretation: When the Legislature enacted MCL 750.435; MSA 28.803, which proscribes, *inter alia,* 'aid-[ing] in the concealment of * * * stolen * * * property', did it intend to provide an alternate statute under which thieves could be convicted; or did it only intend to case a net of criminal liability over persons who assist thieves or others in the concealment of stolen property?" *Kyllonen, supra,* pp 139-140. (Footnote omitted.)

Based on the statute as worded prior to the 1979 amendment, the Supreme Court strictly construed the statute to exclude thieves who conceal property they have stolen. One year later, however, the Legislature amended the statute, thereby changing the wording relied on by the Supreme Court in *Kyllonen* and, in my opinion, invalidating the analysis in that case. Further, since criminal statutes are not lightly or frequently amended, we cannot ignore the proximity in time between *Kyllonen* and the amendment and assume that the Legislature meant nothing by adding the words "possesses" and "conceals". The commentary cited in the majority opinion, 3 CJI, Ch 26 Commentary, Stolen Property, p 27, also supports this conclusion.

The statute, as presently worded, is no longer

consistent with the historical development of the crime outlined in *Kyllonen.* The everyday understanding of the language presently employed in the statute now includes the person who committed the larceny. See *Kyllonen, supra,* p 145.

I would affirm.