PEOPLE v VON EVERETT

Docket No. 85198. Submitted August 5, 1986, at Grand Rapids.
  Decided October 22, 1986.

  Ronnell Von Everett was convicted of armed robbery following a
    jury trial in the Calhoun Circuit Court. The trial court, James
    C. Kingsley, J., sentenced defendant to from fifteen to thirty
    years imprisonment with the sentence to be served concur-
    rently with a sentence for which defendant was on parole at
    the time of the armed robbery. Defendant appeals alleging
    several errors.

    The Court of Appeals *held:*

    1. Defendant's parole was not revoked prior to his trial for
    armed robbery. Defendant's argument that the circuit court
    had no jurisdiction to try defendant for armed robbery because
    defendant's trial did not commence within 180 days of his
    arrest in Oklahoma is without merit.

    2. The trial court's denial of defendant's motion to suppress
    the use of evidence of two of defendant's prior convictions for
    breaking and entering and uttering and publishing for im-
    peachment purposes was not violative of fact or logic and did
    not amount to an abuse of discretion.

    3. The trial court did not abuse its discretion in denying
    defendant's three motions for a mistrial.

    4. Defendant was not denied his Sixth Amendment right of
    confrontation or his right of cross-examination in regard to
    witness Lisa Dudley.

    5. The trial court correctly permitted the impeachment of
    defendant with the notice of alibi filed by defense counsel after

REFERENCES

Am Jur 2d, Appeal and Error §§ 126, 773, 778, 867.
Am Jur 2d, Evidence §§ 320 *et seq.*
Am Jur 2d, Pardon and Parole §§ 90 *et seq.*
Am Jur 2d, Witnesses §§ 523-527, 569 *et seq.;* 656 *et seq.*
Construction and application of Rule 609(a) of the Federal Rules of
  Evidence permitting impeachment of witness by evidence of prior
  conviction of crime. 39 ALR Fed 570.
See also the annotations in the Index to Annotations under Appeal
  and Error; Pardon, Parole, and Probation; Witnesses.

defendant testified to an alibi that was wholly inconsistent with what was alleged in the notice of alibi.

6. The trial court properly articulated its reasons for defendant's sentence on the record at the sentencing proceeding.

Affirmed.

1. CRIMINAL LAW — 180-DAY RULE — PAROLE.

A parolee is not an inmate of a state penal institution or incarcerated in a state prison for purposes of the 180-day rule; until revocation of his parole, a paroled prisoner who is being detained locally, and against whom a parole hold has been filed, is neither, because of the hold, awaiting incarceration in a state prison nor an inmate of a penal institution to whom the 180-day rule applies (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

A trial court's decision to allow impeachment of a defendant by evidence of prior convictions may be affirmed on appeal where the decision was not violative of fact or logic and did not amount to an abuse of discretion.

3. MOTIONS AND ORDERS — MISTRIAL — APPEAL.

Denial of a motion for a mistrial rests within the sound discretion of the trial judge; to find reversible error, a trial court's denial of a defendant's motion for a mistrial must have been so gross as to have deprived the defendant of a fair trial and to have resulted in a miscarriage of justice; reversal is not warranted unless a defendant demonstrates prejudice resulting from the trial court's abuse of discretion.

4. CRIMINAL LAW — EVIDENCE — PAST CRIMINAL RECORD.

An unresponsive, volunteered answer by a witness to a proper question, in which the defendant's criminal past is mentioned, is not cause for granting a mistrial.

5. CRIMINAL LAW — WITNESSES — CREDIBILITY — CROSS-EXAMINATION.

The scope of cross-examination on matters of credibility is left to the sound discretion of the trial court.

6. CRIMINAL LAW — WITNESSES — IMPEACHMENT — NOTICE OF ALIBI — RULES OF EVIDENCE.

A trial court may permit a prosecutor to use a defendant's notice of alibi as a party-opponent admission to impeach the defendant's trial testimony wherein the defendant testified to an alibi which was wholly inconsistent with what was alleged in the notice of alibi (MRE 801[d][2][C]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Samuel I. Durham, Jr.,* Assistant Prosecuting Attorney, for the people.

*Schaeffer & Meyer* (by *J. Thomas Schaeffer*), and *Hirsch & Hofman* (by *Norman J. Fryer, Jr.*), for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and W. R. PETERSON,* JJ.

PER CURIAM. Defendant appeals as of right from his jury trial conviction for armed robbery, MCL 750.529; MSA 28.797. Defendant was sentenced to from fifteen to thirty years imprisonment with the sentence to be served concurrently with a sentence for which defendant was on parole at the time of the armed robbery. Defendant raises seven issues on appeal, none of which we find meritorious.

Defendant first contends that his conviction should be vacated and the charges against him dismissed with prejudice for failure of the prosecutor to comply with Michigan's 180-day rule. MCL 780.131; MSA 28.969(1). Defendant was arrested on August 29, 1984, in Oklahoma for parole violation. He waived extradition and was returned to Michigan and incarcerated in the Calhoun County Jail on September 7, 1984, when he was arrested for the instant armed robbery and for an unrelated charge.

Defendant was served with a notice of probation violation and detainer on September 20, 1984, while in the Calhoun County Jail. On February 27, 1985, defendant filed a motion claiming that he had not been afforded his right to trial within 180 days of his arrest. On March 6, 1985, the Depart-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment of Corrections again served a detainer for parole violation charging the same violations as before. On March 7, 1985, defendant filed a complaint for writ of habeas corpus, alleging that he was entitled to be released because he was not afforded a hearing on the alleged parole violations within forty-five days after he was available for return to a state correctional facility in violation of the provisions of MCL 791.240a; MSA 28.2310(1).

The judge determined on March 11, 1985, that there had been no violation of the statute because the forty-five-day period did not begin to run because the defendant was not in fact returned to a state correctional facility and he was not available for return to such a facility during the pendency of the other charges. Rather, the pendency of the other charges authorized the holding of the defendant. Defendant's trial for armed robbery began the next day, March 12, 1985.

The argument that the circuit court had no jurisdiction to try defendant for armed robbery because defendant's trial did not commence within 180 days of his arrest in Oklahoma is without merit. It is uncontested that defendant's parole was not revoked prior to his trial for armed robbery. Beginning with *People v Wright,* 128 Mich App 374; 340 NW2d 93 (1983), this Court has consistently held that until revocation of parole, a paroled prisoner who is being detained locally, and against whom a parole hold has been filed, is neither, because of the hold, awaiting incarceration in a state prison nor an inmate of a penal institution to whom the 180-day rule applies. In *Wright,* the Court pointed out that only if a violation of parole is established by a preponderance of the evidence can parole be revoked, and even if a violation is established, the parole board may by

law decline to revoke parole. *Id.,* at 379. Hence, until revocation of parole, the accused is not being detained in a local facility to await incarceration in a state prison. See also *People v Sanders,* 130 Mich App 246; 343 NW2d 513 (1983); *People v Rose,* 132 Mich App 656; 347 NW2d 774 (1984); *People v Hastings,* 136 Mich App 380; 356 NW2d 645 (1984), rev'd on other grounds 422 Mich 267; 373 NW2d 533 (1985); *People v Shipp,* 141 Mich App 610; 367 NW2d 430 (1985), lv den 422 Mich 934 (1985).

In *Sanders, supra,* this Court rejected the notion that a parolee is an inmate of a state penal institution or incarcerated in a state prison for purposes of the 180-day rule. Rather, "[a]lthough every parolee remains in the legal custody and under the jurisdiction of the Department of Corrections, that parolee is free from the enclosures of a prison facility." 130 Mich App 251. Although *People v Hegwood,* 109 Mich App 438; 311 NW2d 383 (1981), applied the 180-day rule to a person who was participating in a "transitional corrections program" at the time of the alleged second offense, the *Sanders* Court noted that in *Hegwood* the defendant was on a "preparole status" at the time of the alleged second offense. 130 Mich App 250-251. In the case at bar, defendant was on parole, not on "preparole status," and, hence, his contention that his status was any different from that of the defendant in *Wright, supra,* and the defendants in the other cases following *Wright,* must fail.

Defendant next contends that the trial court abused its discretion in denying his motion to suppress the use of evidence of prior convictions for breaking and entering and uttering and publishing for impeachment purposes. The prosecutor sought to introduce evidence of these prior convic-

tions to impeach defendant's testimony that he was out of the state at the time of the armed robbery—testimony which contradicted that of two key prosecution witnesses who identified him at trial as one of the armed robbers. In allowing the prosecution to introduce evidence of these two convictions, the trial judge utilized the factors set forth in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978), and MRE 609.

The trial judge obviously recognized his discretion, since he refused to admit evidence of one of defendant's prior convictions for breaking and entering for fear of its cumulative impact. The judge specifically chose to admit evidence of two of defendant's prior convictions for breaking and entering and uttering and publishing, concluding that the convictions for theft and false statement bore directly on the issue of defendant's credibility. Those crimes were not substantially similar to the charged offense, nor did they involve substantially the same conduct for which defendant was on trial. Moreover, the defendant testified and was able to put on a defense that he was not in the state of Michigan when the alleged armed robbery occurred. Thus, we conclude that the trial judge's decision was not violative of fact or logic and did not amount to an abuse of discretion.

Defendant further alleges that the trial court abused its discretion by refusing to grant his motion for a mistrial when the investigating officer allegedly eavesdropped on a conversation between defense counsel and one of the prosecution witnesses during a break in the trial. Prior to the commencement of the second day of trial, defense counsel alleged that as he was interviewing prosecution witness Tonia Chaney Smith in a conference room in the courthouse, the investigating officer was outside the room eavesdropping on

their conversation. The prosecutor stated that although he had no personal knowledge of what had happened, the investigating officer assured him that he did not hear anything.

The trial judge let it be known that he was appalled at such apparent impropriety. However, he denied defendant's motion for mistrial unless defense counsel was later able to show that Smith's testimony proved to be "somehow contrary or damaging to statements made previously to [defense counsel]." Defense counsel's cross-examination of Smith ultimately focused upon defendant's physical appearance around the time of the armed robbery. In closing argument, defense counsel attempted to show, based on Smith's testimony, that the two eyewitnesses who identified the defendant at the apartment at the time of the armed robbery were mistaken. The record clearly reflects that defense counsel never brought to the court's attention any problems with Smith's testimony and never indicated that her testimony was contrary to what defense counsel was told in the initial interview.

Denial of a mistrial motion rests within the sound discretion of the trial judge and will not be reversed by this Court unless such denial constituted an abuse of discretion. To find reversible error, a trial court's denial of a defendant's motion for mistrial must have been so gross as to have deprived the defendant of a fair trial and to have resulted in a miscarriage of justice. *People v Green,* 131 Mich App 232, 236; 345 NW2d 676 (1983); *People v Robertson,* 87 Mich App 109, 111-112; 273 NW2d 501 (1978). While we join in the trial court's condemnation of eavesdropping, if such was the officer's intent, as an infringement of the defendant's Sixth Amendment right to counsel, we nonetheless agree that the alleged incident

did not in the circumstances presented deprive defendant of a fair trial. Although defense counsel suggested that the incident might force him to alter his trial strategy, the record is devoid of any hint of actual prejudice to the defendant. Reversal is not warranted unless a defendant demonstrates prejudice resulting from the trial court's abuse of discretion. MCL 769.26; MSA 28.1096; *People v Wilson,* 397 Mich 76, 81; 243 NW2d 257 (1976). Thus, we conclude that the trial judge did not abuse his discretion in denying defendant's motion for a mistrial.

Nor do we find merit in the defendant's contentions that the trial court erred in refusing to grant a mistrial because a police officer, in the presence of the jury, referred to defendant's photograph as a "mug shot" and because a lay witness referred to defendant as being on "parole." We agree with the trial court that the officer's single reference to defendant's "mug shot" was not inherently prejudicial or intentionally injected into the proceedings. *People v Hoerl,* 88 Mich App 693; 278 NW2d 721 (1979). The instant case is unlike defendant's cited cases of *People v Holly,* 129 Mich App 405; 341 NW2d 823 (1983), and *People v McCarver (On Remand),* 87 Mich App 12, 15; 273 NW2d 570 (1978), lv den 406 Mich 964 (1979), where the police officer's references were intentionally unresponsive and prejudicial.

Further, the lay witness's testimony that he had seen the defendant while defendant was on "parole" was in response to a proper question by the prosecutor. An unresponsive, volunteered answer by a witness to a proper question, in which the defendant's criminal past is mentioned, is not cause for granting a mistrial. *People v Kelsey,* 303 Mich 715, 717; 7 NW2d 120 (1942); *People v Stinson,* 113 Mich App 719, 727; 318 NW2d 513 (1982).

Moreover, the jury was already privy to the fact that defendant had a criminal record since the court admitted evidence of the two prior convictions for impeachment purposes when defendant testified. The trial court did not abuse its discretion in declining to grant a mistrial based on these two remarks.

Defendant next argues that he was denied his Sixth Amendment rights to confront and cross-examine witnesses when the trial court allowed Lisa Dudley to refuse to answer a question posed by defense counsel on cross-examination. During cross-examination of Dudley, defendant's attorney asked her: "Aren't you in fact testifying in relation to some drug charges that stemmed out of the arrest of Joe [O'Connor]?" When Dudley responded that she did not know whether she should answer the question, defense counsel moved for a mistrial claiming that the witness was exercising her Fifth Amendment privilege to remain silent. The trial court ruled that Dudley was not exercising her Fifth Amendment right to silence and ruled that she did not have to answer the question.

We find that the record is devoid of any testimony or evidence that Dudley was exercising her Fifth Amendment right. Our Supreme Court has held that the scope of cross-examination on matters of credibility is left to the sound discretion of the trial court. *People v Bouchee,* 400 Mich 253, 267; 253 NW2d 626 (1977). In this case, the trial court correctly concluded that defense counsel's question was collateral and irrelevant and properly excluded the question.

Additionally, defense counsel was able to elicit on further cross-examination of Dudley that she was familiar with the drug trafficking occurring at O'Connor's house, that she used drugs in the house, and that she was aware that O'Connor was

selling drugs out of his house. Thus, defense counsel was able to elicit substantial evidence adversely affecting Dudley's credibility. We conclude that defendant was not denied his Sixth Amendment right of confrontation or his right of cross-examination. Defendant's claims to the contrary are without merit.

Defendant also contends that the prosecutor's use of his notice of alibi filed in this case to impeach defendant's trial testimony that he was out of the state at the time of the armed robbery constituted reversible error. Defendant's notice of alibi stated that on the night of the robbery he was in Battle Creek at a movie theatre and a bowling alley with a person named Sonja Smith. The trial court ruled that the prosecutor could inquire into the matter as a party-opponent admission under MRE 801(d)(2)(C), and the judge characterized the notice of alibi as a statement made by defense counsel, who was a person authorized by defendant to make a statement concerning the subject. Defendant testified on cross-examination that he was not aware that his attorney had filed a notice of alibi indicating that on the date in question defendant was in Battle Creek at the theatre and bowling alley.

Where, as here, the defendant testified to an alibi that was wholly inconsistent with what was alleged in the notice of alibi, we agree that the trial court was correct to permit his impeachment under MRE 801(d)(2)(C). The prosecutor could not in doing so violate defendant's right to remain silent since the court permitted the impeachment only after defendant inconsistently testified that he was out of the state when the robbery occurred. The inconsistency between these alibis clearly reflected upon the defendant's credibility and was a proper matter for the prosecutor to raise. The

impeachment was appropriate and defendant's argument to the contrary is without foundation.

Lastly, defendant argues that he should be resentenced because the trial court did not fully articulate its reasons for defendant's sentence on the record at the sentencing. We find that the judge's references at sentencing to defendant's three felony convictions in 5½ years, the last two being committed while defendant was still under the jurisdiction of the Department of Corrections, and to the nature of the instant offense with multiple victims bound and terrorized amply explained the judge's reasons for departing from the guideline recommendations in this case. The fifteen-year minimum sentence is not shocking to our conscience and there is no merit to defendant's request for resentencing.

Defendant's conviction and sentence are affirmed.