# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEMON TRUMEL THOMPSON,

Defendant-Appellant.

UNPUBLISHED
May 19, 2016

No. 326007
Berrien Circuit Court
LC No. 2013-004592-FC

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder ("AWIGBH"), MCL 750.84; felon in possession of a firearm ("felon-in-possession"), MCL 750.224f; assault with a dangerous weapon ("felonious assault"), MCL 750.82; and possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b. The jury acquitted defendant of armed robbery, MCL 750.259, and carrying a concealed weapon ("CCW"), MCL 750.227(2). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 25 to 40 years' imprisonment for AWIGBH, 6 to 10 years' imprisonment for felon-in-possession, two years' imprisonment for felony-firearm, and 30 to 48 months' imprisonment for felonious assault. We affirm.

Defendant first argues that the trial court erred in denying his motion for a new trial, after a *Ginther*[1] hearing, on the grounds of ineffective assistance of counsel during the plea-bargaining process. We disagree. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007) (citation omitted). "Findings on questions of fact are reviewed for clear error, while rulings on questions of constitutional law are reviewed de novo." *Id*. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with a definite and firm conviction that a mistake has been made." *People v Barbarich*, 291 Mich App 468, 471; 807 NW2d 56 (2011) (citation omitted).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207. "[A] defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *People v Douglas*, 496 Mich 557, 591–592; 852 NW2d 587 (2014). In order for a defendant to make a successful ineffective assistance claim in this context, he must still meet the two-pronged ineffective assistance standard, and in order to demonstrate prejudice the "defendant must show the outcome of the plea process would have been different with competent advice." *Id*. at 592 (citation omitted). If the prejudice occurred when a defendant rejected the plea offer and stood trial,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Id*. (citation and quotation marks omitted).]

At the *Ginther* hearing, defendant's trial counsel testified that he failed to inform defendant that, due to defendant's prior criminal record, a conviction for AWIGBH carried a mandatory minimum sentence of 25 years' imprisonment. See MCL 769.12. Defendant testified that he believed that this mandatory sentence would only apply to a conviction for armed robbery. The prosecution's final plea offer was to recommend a minimum sentence of 10 years and 6 months in exchange for a guilty plea to armed robbery. Defendant argues that, had he known the potential 25-year minimum sentence for AWIGBH, he would have accepted this offer. The trial court found that trial counsel's representation fell below objective standards of reasonableness. The trial court denied defendant's motion, however, because it found that there was not a reasonable probability that, had defendant known the sentence he faced for AWIGBH, he would have accepted the prosecution's offer.

The prosecution does not argue, and there is no indication in the record to suggest, that the prosecution would have withdrawn the plea, that the plea would not have been accepted by the trial court, or that the plea's terms were not more favorable than the sentence defendant received after trial. Thus, the only question remaining is whether defendant would have accepted the plea but for counsel's deficient representation. *Id.* at 591-592. Defendant testified that he would have accepted the plea offer had he been aware that the punishment for AWIGBH in his case was a minimum of 25 years' imprisonment. The trial court found defendant's testimony to that effect incredible. This finding was supported by the record. Trial counsel testified that before trial defendant maintained that he had not robbed the victim; indeed, defendant testified consistently with that account at trial and the *Ginther* hearing. Counsel testified that one of the "deal breakers" with the prosecution's final plea offer was that defendant did not want to plead guilty to a crime he did not commit, *i.e.*, armed robbery, regardless of the offered minimum sentence. No plea to any other charge was offered. The other "deal breaker" was that defendant

serve a minimum of eight years, and the prosecutor never offered less than 10 years and 6 months. Defendant was also clearly aware that he faced a possible life sentence, with a 25-year mandatory minimum sentence, if he went to trial. The trial court explicitly informed defendant as such when questioning whether he wished to reject the plea offer. Beyond defendant's testimony, there was no evidence that he would have accepted the plea offer had he been informed of the applicable minimum sentence for AWIGBH and, "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). Given our deference to the trial court's credibility finding, and the evidence that supports that finding, we are not left with a definite and firm conviction that the trial court erred in finding that defendant failed to establish that, but for trial counsel's deficient performance, he would have accepted the prosecution's final plea offer. *Barbarich*, 291 Mich App at 471. In the absence of such clear error, the trial court did not err in denying defendant relief on the grounds of ineffective assistance of counsel in the plea-bargaining process. *Jordan*, 275 Mich App at 667.

Defendant next argues that evidence of the victim's prior conviction for CCW should have been admitted, and that counsel was ineffective for assenting to the trial court's ruling on the issue and failing to further seek admission. We disagree. Defendant's primary evidentiary argument was waived by his counsel's express agreement to the trial court's ruling on this issue. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). Instead of introducing evidence of the victim's prior conviction, counsel agreed to ask the victim whether he was allowed to carry a weapon. Thus, this issue was waived.

Additionally, counsel was not ineffective for assenting to the trial court's ruling, or failing to further attempt to introduce evidence of the victim's prior conviction, because any effort to do so would have been futile. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Our review of this unpreserved claim is limited to errors apparent on the record. *Jordan*, 275 Mich App at 667.

Generally, the admission of evidence of a prior conviction for purposes of impeaching a witness is governed by MRE 609. However, defendant does not argue that evidence of the victim's conviction for CCW could have been introduced under that rule. Rather, defendant cites *People v Taylor*, 422 Mich 407, 414; 373 NW2d 579 (1985), wherein the Supreme Court noted that, "MRE 609 was not intended to apply where evidence of prior convictions is offered to rebut specific statements of the defendant who testifies at trial." Here, *Taylor* does not apply because the victim's CCW conviction would not have rebutted any specific statement made at trial. The victim testified, "I never had a gun." Read in context, the victim clearly meant that he did not have a gun during the altercation giving rise to this case, not that he had never carried a gun in his life. Accordingly, we reject defendant's claim.

Defendant next argues that the trial court abused its discretion in denying his motion for a mistrial after law enforcement personnel testified that a parole officer helped search the crime scene and that an address for defendant was obtained from "MDOC." We disagree. "We review for an abuse of discretion a trial court's decision regarding a motion for a mistrial." *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). A trial court should grant a mistrial "only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *Id.* Generally, an unresponsive or volunteered answer is insufficient grounds for

granting a mistrial; however, such remarks, when made by law enforcement personnel, are subject to scrutiny. *People v Holly*, 129 Mich App 405, 415-416; 341 NW2d 823 (1983). "Police witnesses have a special obligation not to venture into such forbidden areas." *Id*.

The trial court did not abuse its discretion in denying defendant's motion for a mistrial because defendant suffered no prejudice from the challenged testimony. Although there was testimony that a parole officer helped search the scene of the shooting, there was no indication that this individual was defendant's parole officer. Also, even if the jury knew that "MDOC" referred to the Michigan Department of Corrections, any prejudicial effect was mitigated by the stipulated fact that defendant was a convicted felon and, therefore, presumably known to the MDOC. Thus, despite the fact that the challenged testimony came from law enforcement personnel, it was insufficient to require a mistrial under the circumstances. See *People v Von Everett*, 156 Mich App 615, 622-623; 402 NW2d 773 (1986). Accordingly, the trial court did not abuse its discretion in denying defendant's motion for a mistrial.

Lastly, defendant argues that he was deprived of the effective assistance of counsel due to trial counsel's argument that defendant did not go to the police with his story of self-defense because he had absconded from parole. Our review of this unpreserved claim is limited to errors apparent on the record. *Jordan*, 275 Mich App at 667.

Defendant has failed to establish that his trial counsel's elicitation of testimony regarding defendant absconding from parole, and reliance thereon in closing, was not a reasonable exercise of trial strategy that we will not be second guess on appeal. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). The prosecution questioned why defendant would not have gone to the police if, as he testified, the victim had attacked him with a gun and defendant had only acted in self-defense. Counsel elicited a reason for defendant's failure to go to the police, *i.e.*, that he had absconded from parole. The fact that counsel's strategy did not result in a full acquittal does not render it ineffective. See *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008). Accordingly, defendant has failed to meet his burden of establishing that trial counsel's performance fell below an objective standard of reasonableness.

In reaching our conclusion, we note that even if trial counsel's performance was deficient in this respect, defendant cannot establish that, but for counsel's allegedly deficient performance, there was a reasonable probability that the outcome of the trial would have been different. The jury was aware that defendant was a convicted felon. At trial, defendant also testified that he was an active drug dealer. The additional criminal activity revealed by defendant's status as a parole absconder was insufficient to undermine our confidence in the jury's verdict and, therefore, defendant is not entitled to relief.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood