PEOPLE v FORTUIN

Docket No. 75671. Submitted June 27, 1984, at Grand Rapids.—De-
cided April 29, 1985.

Clarence D. Fortuin was convicted of possession of stolen property
following a jury trial in Kent Circuit Court, George R. Cook, J.
The evidence established that defendant purchased two silver
candelabra from a second-hand store. The owner of the second-
hand store was thereafter arrested and charged with receiving
and concealing stolen property. The store owner was promised
lenient treatment if he could recover the candelabra, which
had been among the stolen property he had received. The store
owner testified that he had told the defendant several times
that the candelabra were stolen, that he had never told the
defendant that the candelabra were not stolen property and
that he had attempted to repurchase the candelabra but that
defendant had refused the offer of repurchase. Defendant took
the stand and testified that he did not know that the candela-
bra were stolen when he purchased them, that the store owner
had at various times indicated that the candelabra were stolen
but had at other times indicated that they were not stolen, and
that the store owner had offered to buy back the candelabra
but never had the money to do so. Defendant further testified
that the week before the search of his house pursuant to a
warrant, he had been told by the store owner that the prose-
cutor had a warrant for his arrest and would come out and get
the candelabra, to which defendant had responded that he had
done nothing wrong and the police could come out and get the
candelabra. The prosecutor, on cross-examination of defendant,
inquired as to when the defendant had become aware that the
candelabra were stolen and why the defendant had failed to

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 610 et seq.

Impeachment of defendant in criminal case by showing defendant's
prearrest silence-state cases. 35 ALR4th 731.

[2] 66 Am Jur 2d, Receiving and Transporting Stolen Property § 3 et
seq.

What constitutes "constructive" possession of stolen property to
establish requisite element of possession supporting offense of
receiving stolen property. 30 ALR4th 488.

notify the police upon learning the candelabra were stolen property. The prosecution called a police officer who testified that defendant, several months after his arrest, had indicated that he had thought that there was something wrong with the candelabra even after having been told by the store owner that they were not stolen property. In his closing arguments, the prosecutor argued that the defendant had known that the candelabra were stolen and yet had not informed the police of his possession of the same. Defendant appealed. *Held:*

1. The cross-examination of defendant, the presentation of the rebuttal testimony and the closing arguments by the prosecutor did not violate the defendant's constitutional right to remain silent, since defendant's failure to inform the proper authorities, along with his continued possession of the property after finding out that the property was stolen, was an element of the charged offense.

2. A person who purchases property in good faith and later learns that the purchased property is stolen property but who, upon learning that the property is stolen property, does not notify the proper authorities but rather continues wilfully to possess that property, may be convicted of the crime of possession of stolen property.

Affirmed.

1. RECEIVING STOLEN GOODS — POSSESSION OF STOLEN PROPERTY — RIGHT TO REMAIN SILENT.

Cross-examination of a defendant charged with possession of stolen property relative to his failure to inform the authorities of his possession of the stolen property upon his learning that the property was stolen is not violative of the defendant's constitutional right to remain silent, since defendant's continued possession of the property with knowledge that it was stolen is an element of the charged offense of possession of stolen property (MCL 750.535; MSA 28.803).

2. RECEIVING STOLEN GOODS — POSSESSION OF STOLEN PROPERTY — GOOD FAITH PURCHASER.

The statute making it a felony to possess stolen goods with a value of over $100, knowing the same to be stolen, is applicable to one who in good faith purchases goods and thereafter learns that they are stolen but who, upon learning that the goods are stolen, fails to immediately notify the proper authorities of the fact that he has in his possession goods which have been stolen and continues wilfully to possess the property (MCL 750.535; MSA 28.803).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Kooistra, Sullivan & Pettinga* (by *Ronald J. Kooistra),* for defendant.

Before: R. M. MAHER, P.J., and BRONSON and G. R. McDONALD,* JJ.

PER CURIAM. Defendant was convicted by a jury of possession of stolen property with a value over $100, MCL 750.535; MSA 28.803. He was sentenced to six months probation and ordered to perform 80 hours of community service. He appeals as of right.

In August, 1980, two candelabra were stolen from the home of Amy Vogt. Robert Reid, the owner of a second-hand store, purchased the candelabra and some other silver on August 23, 1980, from two men. A few days later, Reid sold and delivered the candelabra to defendant for the amount of $1,360, which was 10% above the scrap value of the silver. On September 23, 1980, Reid was arrested for receiving and concealing stolen property with a value over $100. At the time of his arrest, Reid conveyed a message to defendant that defendant should get rid of the candelabra, even if it meant throwing them into the river.

The authorities were very interested in recovering the stolen candelabra, and it was agreed that Reid would receive lenient treatment if he could recover them. Over the ensuing months Reid had several conversations with defendant in an attempt to recover the property. Reid testified that he advised defendant several times during that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

period that the candelabra were stolen property. He denied ever telling defendant that the candelabra were not stolen and that everything was okay.

Reid testified that in September, 1982, he offered to redeem the candelabra from defendant for the amount which defendant had paid for them. Defendant refused the offer. Reid further testified that at one point defendant told Reid that he (defendant) had not done anything wrong and that Reid could tell the police whatever he wanted.

On September 7, 1982, Reid pled guilty to receiving and concealing and, for the first time, revealed to the authorities that he had sold the candelabra to defendant. The same day a search warrant was executed at defendant's home and the candelabra were found in plain view. Defendant was arrested at that time. One of the arresting officers testified to the following conversation which he had with defendant at the time of arrest:

"I said, 'Didn't Robert Reid tell you that these were stolen?' and he said, 'Yes, he did, and I told Mr. Reid that if the cops wanted them, they could come and get them.'"

Defendant testified that he did not know the candelabra were stolen property at the time he purchased them from Reid and that it was two months later that he first learned that there might be something wrong with the property, when Mr. Heyboer, an employee of Reid's store, relayed a message from Reid to the effect that Reid had been arrested and that defendant should dispose of the candelabra, even if he had to throw them into the river. At that time defendant felt that he had done nothing wrong.

Defendant further testified that the following day he told Reid that he wanted Reid to repur-

chase the candelabra. Reid responded that there was nothing wrong with the candelabra but agreed to buy them back; however, the deal was never completed because Reid did not have the money. Defendant testified that two days later Reid told him the candelabra were not stolen property and that there was no reason for him to buy them back from defendant.

Defendant's testimony continued as follows. About ten to twelve months later Reid told defendant that the charges against him (Reid) had been dropped. Another year later, which was around September 1, 1982, one week before defendant's arrest, Reid again contacted defendant. Reid told defendant that the charges had not been dropped and that he needed to repurchase the candelabra from defendant in order to complete a plea bargain with the prosecutor. Defendant refused to deliver the property because Reid still did not have the money. At that time Reid told defendant: "The Prosecutor has got a warrant for your arrest, and he is going to come out and get them." Defendant responded to Reid: "I haven't done anything wrong. Have them come out. I would rather give them to them than to you anyway". One week later the police executed the search warrant at defendant's home and defendant was arrested.

Defendant testified regarding his conversation with the police at the time of the search and arrest:

"He [Detective Darzniek] says, 'You knew they were stolen?' I says, 'Yeah, but when did I know they were stolen? Just a few days ago,' I says, and then I told them what I had said to Bob about I would rather give them to the police than him anyway, and then he says, 'Well, why didn't'—then I think this gentleman with the beard, I think then he says, 'Well, why didn't you call the police?' I says, 'Well, why should I, because I

was told they had a warrant and they were coming after them anyway.'"

Defendant further stated that after talking to Reid in early September, 1982, he expected the police to come and pick up the candelabra.

On cross-examination defendant stated that at the time Heyboer called him in September, 1980, he thought there might be something wrong with the candelabra; however, after Reid assured him that the property was not stolen property, defendant was no longer concerned. Defendant stated that he first believed the candelabra were stolen property one week before his arrest when he spoke with Reid. When the prosecutor asked defendant why he didn't bother to call the police upon learning that the candelabra were stolen property, defendant responded that he was told that the police were coming. Defense counsel objected on Fifth Amendment grounds. The objection was sustained and the jury was instructed to exclude the question and answer from their minds.

Detective Straub testified on rebuttal concerning a statement made by defendant on January 18, 1983. The witness stated:

"He [defendant] said he had a later conversation with Mr. Reid. Mr. Reid said they were, in fact, not stolen. * * * Well, I asked him what he thought of them then, what he thought of the status of the candlesticks, and he said that he thought there was something wrong with them.

"*Q.* He thought there was something wrong with them?

"*A.* Yes.

"*Q.* Even after talking with Mr. Reid about them?

"*A.* Yes."

During rebuttal the prosecutor argued that de-

fendant knew the candelabra were stolen property and yet failed to contact the police. He suggested that greed was the reason defendant failed to inform the police upon learning the property was stolen property. Defendant did not object to this argument.

I

Defendant argues that the prosecutor's cross-examination of defendant and references during rebuttal argument concerning defendant's failure to contact the police constitute a comment on defendant's pre-arrest silence and violate defendant's right to remain silent under *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), US Const, Am V, and Const 1963, art 1, § 17.

We believe defendant has mischaracterized the issue. This is not a case in which the prosecutor improperly commented on defendant's exercise of his right to remain silent. Rather, defendant chose to take the stand and attempted to explain the circumstances surrounding his possession of the candelabra and why he did not inform the authorities upon learning that the property was stolen. Defendant's continued possession of the property with knowledge that it was stolen property was an element of the charged offense. The prosecutor was entitled to cross-examine defendant regarding defendant's version of the facts and to point out to the jury the inconsistencies in defendant's testimony. The essence of the challenged rebuttal argument was that defendant wilfully continued to possess the candelabra even after it became clear that they were stolen property and that defendant's version of the facts was not consistent with reality. We find no violation of *People v Bobo* or of defendant's constitutional right to remain silent.

For the same reasons we reject defendant's contention that the trial court erred in failing to give an instruction on the right to remain silent.

II

Defendant next argues that MCL 750.535; MSA 28.803 was not intended to embrace an innocent purchaser who later learns that the property is stolen property and continues to possess it with such knowledge. We do not agree.

The statute unambiguously states that a person who *possesses* stolen property with a value over $100, knowing it to be stolen, is guilty of a felony. We find nothing which would limit application of the statute to persons who know the property is stolen at the time they come into possession of it.

This interpretation places no unfair burden on a good faith purchaser who later learns of the stolen nature of the property. If such a person immediately announces that he does not intend to continue possesion of the goods and contacts the proper authorities, he could not be guilty under the statute because, upon announcing said intent to terminate possession, the person would not have the requisite criminal *mens rea*. We therefore conclude that the statute does embrace a good faith purchaser who, after learning that he has purchased stolen property, continues wilfully to possess the property.

Finally, we note that *People v Kyllonen,* 402 Mich 135, 143-148; 263 NW2d 2 (1978), and *People v Hastings,* 136 Mich App 380; 356 NW2d 645 (1984), held that thieves may not be convicted under MCL 750.535; MSA 28.803 for possession or concealment of the property they have stolen. These decisions do not address the precise issue raised in this case.

Affirmed.