*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 22, 2022

Plaintiff-Appellant,

v

No. 361460
Wayne Circuit Court
LC No. 21-008964-01-FH

GREGORY LOUIS KIESGEN,

Defendant-Appellee.

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

Defendant, Gregory Kiesgen, was bound over to the circuit court on a charge of receiving or concealing stolen property over $20,000, MCL 750.535(2)(a). The circuit court granted Kiesgen's motion to quash the bindover and dismissed the charge. The prosecution appeals as of right. We reverse and remand to the circuit court for reinstatement of the charge against Kiesgen.

## I. BASIC FACTS

This case arises from the theft of a 2016 Lincoln Navigator belonging to Shannon Carlson. Carlson's husband listed the vehicle for sale on Craiglist for $28,500. The vehicle was sold for that amount to an unnamed buyer, who brought a tow truck to retrieve it from Carlson's residence. The money from the sale was deposited into Carlson's bank account; however, the day after the sale, Carlson realized that payment had been reversed and there were no funds from the transaction left in her account. She contacted the police to report the vehicle stolen. One day later, she received a phone call from Kiesgen, who stated that he had purchased her vehicle from an unnamed buyer. Carlson told him that the vehicle was stolen and directed him to call the police. She also passed Kiesgen's phone number to law enforcement.

Kiesgen did not contact the police. Instead, a police officer contacted him. The officer told Kiesgen that he was investigating the theft of Carlson's vehicle. Initially, Kiesgen stated that he had responded to the advertisement for the sale of the vehicle. He recounted driving to a parking lot, seeing the vehicle on a flatbed tow truck, and discovering paperwork that included Carlson's name and phone number in the glove box. He represented that he did not purchase the vehicle for the $9,000 asking price because it was "too good to be true." Based on his conversation with

Kiesgen, the police officer obtained surveillance footage for the parking lot where Kiesgen examined Carlson's vehicle. The footage confirmed that Kiesgen had arrived, inspected the vehicle, and then left. However, it showed that some time later, Kiesgen returned. Kiesgen left in Carlson's vehicle and someone else drove Kiesgen's vehicle. The officer again contacted Kiesgen, who eventually admitted to purchasing the vehicle for $9,000. Although Kiesgen was informed once more that the vehicle was stolen and was instructed to return it, he did not do so. Instead, he expressed concern that he would lose his $9,000 and stated that he wanted to contact a lawyer regarding the matter. The lawyer he contacted called the police officer regarding Carlson's vehicle. The officer informed the lawyer that the vehicle was stolen and that it, the keys, and the title needed to be returned to the police. The lawyer had no further communications with the officer and, despite the officer attempting multiple times to contact Kiesgen, the officer did not receive any further communications from Kiesgen. As a result, after several days, the officer had to obtain search warrants for Kiesgen's properties. When confronted with the search warrant and detained by law enforcement, Kiesgen directed one of his employees to take officers to an off-site, locked warehouse. Carlson's vehicle, which was stored in the warehouse, was recovered.

Based on the above testimony, the district court judge bound Kiesgen over for trial on one count of receiving or concealing stolen property. The circuit court, however, granted Kiesgen's motion to quash the information, and entered an order dismissing the charge without prejudice. The circuit court reasoned that the facts did not show that Kiesgen had concealed the stolen vehicle.

## II. BIND OVER

### A. STANDARD OF REVIEW

The prosecution argues the circuit court erred by dismissing the charge against Kiesgen. In reviewing a district court's decision to bind over a defendant for trial, a circuit court must consider the entire record of the preliminary examination. *People v McKinley*, 255 Mich App 20, 25; 661 NW2d 599 (2003). It may not substitute its judgment for that of the district court judge, and may reverse only if it appears on the record the district court abused its discretion. *Id*. "This Court reviews de novo the bindover decision to determine whether the district court abused its discretion, giving no discretion to the circuit court's decision." *Id*. A court abuses its discretion when the outcome falls outside the range of reasonable and principled outcomes. *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008). A court "necessarily abuses its discretion when it makes an error of law." *People v Zitka*, 325 Mich App 38, 43-44; 922 NW2d 696 (2018) (quotation marks and citation omitted).

### B. ANALYSIS

"The purpose of a preliminary examination is to determine whether probable cause exists to believe that a crime was committed and that the defendant committed it." *People v Bennett*, 290 Mich App 465, 480; 802 NW2d 627 (2010) (quotation marks and citation omitted). "Probable cause is established if a person of ordinary caution and prudence [could] conscientiously entertain a reasonable belief of the defendant's guilt." *Id*. (quotation marks and citation omitted; alteration in original). At the preliminary-examination stage, the prosecutor is not required to "prove each element beyond a reasonable doubt, but must present some evidence of each element." *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009). "Circumstantial evidence and

reasonable inferences from the evidence can be sufficient." *Id*. "If the evidence conflicts or raises a reasonable doubt, the defendant should be bound over for trial, where the questions can be resolved by the trier of fact." *Id*.

Kiesgen was charged with receiving or concealing stolen property over $20,000. The elements of receiving or concealing stolen property are:

> (1) the property was stolen; (2) the value of the property met the statutory requirement; (3) defendant received, possessed, or concealed the property with knowledge that the property was stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty actual or constructive knowledge of the defendant that the property received or concealed was stolen. [*People v Pratt*, 254 Mich App 425, 427; 656 NW2d 866 (2002).]

The circuit court determined that there was insufficient evidence that Kiesgen *concealed* stolen property, so it quashed the bind over and dismissed the charges. The circuit court found that because Kiesgen contacted the police, the prosecution had not presented sufficient evidence to prove Kiesgen concealed Carlson's vehicle. The circuit court failed to consider that the statute is disjunctive. That is, a defendant is guilty of receiving or concealing stolen property if the defendant received, possessed, *or* concealed stolen property. Thus, the circuit court erred by focusing only on whether Kiesgen concealed the stolen vehicle.

Considering the record in this case, there was sufficient evidence to support the district court's bind over decision. The vehicle was listed for sale for $28,500. Kiesgen purchased the vehicle for $9,000 the same day that the vehicle was reported stolen. He recognized that the sale price was "too good to be true" and based on his inspection of the vehicle, he located documents titled in Carlson's name. He was informed twice that the vehicle was stolen. Once by Carlson and once by a police officer. Rather than admit that he had purchased the vehicle, he initially represented that he decided not to buy the vehicle. When confronted with surveillance footage disproving his representation, he eventually admitted to buying the vehicle. A fact-finder "may infer consciousness of guilt from evidence of lying or deception." *People v Unger*, 278 Mich App 210, 227; 749 NW2d 272 (2008). Thus, Kiesgen's initial statements to the police support an inference of guilt in this case. Further, even after being told that the vehicle was stolen and directed to turn it over to the police, Kiesgen did not do so. Instead, he continued to possess the stolen vehicle for several days. Indeed, it was not until the police obtained a search warrant and detained him that he asked one of his employees to take the police to the locked, off-site warehouse where the stolen vehicle was being stored. Based on this record, it is clear that for several days after being told that the vehicle was stolen and being ordered to return it, Kiesgen retained possession of it and concealed it inside a warehouse.

On appeal, Kiesgen argues because he took steps to return the property he should not have been bound over. He directs this Court to the decision in *People v Fortuin*, 143 Mich App 279; 372 NW2d 530 (1985). In that case, this Court held a defendant, as a good faith purchaser who "immediately announces that he does not intend to continue possession of the goods and contacts the proper authorities," cannot be guilty under the statute because he does not have the requisite

criminal *mens rea*. *Id*. at 286.[1] The *Fortuin* Court explained that a good-faith purchaser "who, after learning that he had purchased stolen property, continues wilfully to possess the property," can be convicted of receiving or concealing stolen property. *Id*. Upon learning that the vehicle was stolen, however, Kiesgen did not immediately announce that he did not intend to continue possession of the stolen vehicle. He instead inquired about recovering the purchase price for the vehicle and indicated that he wanted to retain a lawyer. The retained lawyer spoke briefly with law enforcement regarding the vehicle. Thereafter, rather than returning the vehicle as directed, Kiesgen stopped communicating with law enforcement. It was several days later that he disclosed the location of the stolen vehicle and that was only after the police arrived with a search warrant and detained him. Based on Kiesgen's behavior, there is, at a minimum, a question of fact as to whether he continued to willfully possess the stolen property despite being told that it was stolen and that it needed to be surrendered to law enforcement.

In sum, the evidence presented at the preliminary examination was sufficient to establish probable cause that Kiesgen committed the crime of receiving or concealing stolen property valued over $20,000. As a result, the district court did not abuse its discretion by binding over Kiesgen on the charge of receiving or concealing stolen property over $20,000. The circuit court, therefore, erred by quashing the bindover and dismissing the charge.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan

---

[1] Although cases decided by this Court before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), we can consider them as persuasive authority, *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).