PEOPLE v HASTINGS

Docket No. 75030. Decided August 20, 1985. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to that Court for further proceedings.

Douglas C. Hastings pled guilty in the Jackson Circuit Court, Russell E. Noble, J., of receiving and concealing stolen property. The Court of Appeals, CYNAR, P.J., and ANDERSON, J. (J. H. GILLIS, J., dissenting), reversed in an opinion per curiam (Docket No. 70861). The people seek leave to appeal.

In an opinion per curiam, signed by Chief Justice WILLIAMS and Justices RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY, the Supreme Court *held:*

A person who has stolen property may be convicted of buying, receiving, possessing, concealing, or aiding in the concealment of the stolen property.

The statute prohibiting receiving stolen property was amended in 1979 to also prohibit possession or concealment of stolen property. Before amendment, the statute was directed towards persons who assisted a thief or others in the disposition or concealment of stolen property, and case law provided that the thief was not included within the scope of the statute. The everyday understanding of the language employed in the amendment as well as its legislative history reveals that the Legislature intended to additionally proscribe possession or concealment of stolen property and to include the person who committed the larceny amongst the other offenders.

Reversed and remanded.

Justice LEVIN, in a separate opinion, agreed with the reasoning and conclusion of the opinion of the majority, but stated that peremptory reversal should be reserved for those cases in which the law is settled and no factual assessment is required.

136 Mich App 380; 356 NW2d 645 (1984) reversed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prose-

cuting Attorney, and *Joseph A. Greenleaf,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Mardi Crawford)* for the defendant.

PER CURIAM. In *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978), we held that the person who had stolen property could not be convicted of buying, receiving, or aiding in the concealment of that property under the then-effective language of MCL 750.535(1); MSA 28.803(1). The issue in the instant case is whether the 1979 amendment of that statute,[1] which added possessing and concealing stolen property to the list of proscribed conduct, changes the *Kyllonen* rule. The Court of Appeals concluded that it did not, and reversed the defendant's conviction. We disagree, and reverse the Court of Appeals judgment.

## I

Defendant Hastings was charged under MCL 750.535(1); MSA 28.803(1) in connection with certain property stolen from a Jackson County home. The defendant agreed to plead guilty. At the plea proceeding, when he gave the factual basis, the defendant said that he and another person had entered the house in question and taken various items, including those which he was accused of stealing. He said that he was arrested while in the process of taking the items to a prospective purchaser. After sentencing, the defendant appealed, raising several issues.

## II

At the time of *People v Kyllonen,* the language

[1] 1979 PA 11.

of the statute prohibiting "receiving and conceal-
ing" stolen property provided:

> A person who *buys, receives, or aids in the*
> *concealment* of any stolen, embezzled, or converted
> money, goods, or property knowing the same to
> have been stolen, embezzled, or converted, if the
> property purchased, received, or concealed exceeds
> the value of $100.00, is guilty of a felony, punish-
> able by imprisonment for not more than 5 years,
> or by a fine of not more than $2,500.00, or both. If
> the property purchased, received, or concealed is
> of a value of $100.00 or less, the person is guilty of
> a misdemeanor. On a third or subsequent convic-
> tion under this section the person is guilty of a
> felony, punishable as herein provided, although
> the value of the property purchased, received, or
> concealed did not exceed $100.00. [MCL 750.535;
> MSA 28.803, as amended by 1974 PA 55. Emphasis
> added.]

In *People v Kyllonen, supra,* we studied the
history of the statute in a case, like the instant
one, in which the evidence indicated that the
defendant was the one who had stolen the prop-
erty. We concluded:

> Although legislative intent often is elusive, the
> thrust of the statutory wording is clear on its face
> and consistent with its historical development. It
> is directed towards those who assist the thief or
> others in the disposition or concealment of stolen
> property. The everyday understanding of the lan-
> guage employed excludes the person who commit-
> ted the larceny.
> To interpret the words "buys," "receives" or
> "aids in the concealment" of stolen property to
> mean buying or receiving from one's self or aiding
> one's self in concealment is needlessly to corrupt a
> forthright and harmonious statute. [402 Mich 145.]

After our decision in *Kyllonen,* the Legislature

amended the statute to include those who possess or conceal stolen property knowing it to be stolen. As amended by 1979 PA 11, the statute reads:

> (1) A person who buys, receives, *possesses, conceals,* or aids in the concealment of stolen, embezzled, or converted money, goods, or property knowing the money, goods, or property to be stolen, embezzled, or converted, if the property purchased, received, possessed, or concealed exceeds the value of $100.00, is guilty of a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00, or both. If the property purchased, received, possessed, or concealed is of a value of $100.00 or less, the person is guilty of a misdemeanor. On a third or subsequent conviction under this section the person is guilty of a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00, or both, although the value of the property purchased, received, possessed, or concealed does not exceed $100.00. [MCL 750.535; MSA 28.803. Emphasis added.]

### III

The defendant's appeal presented to the Court of Appeals the question of interpretation of the 1979 amendment. The Court divided on the question. The majority found that the amendment did not clearly signal an intention to change the rule of *Kyllonen.* It concluded:

> We do not perceive that the addition by the Legislature of the words "possesses" and "conceals" signals an intent to broaden the scope of the statute beyond that group of offenders traditionally targeted. Such a significant change in the statutory thrust would not have been made so subtly. [*People v Hastings,* 136 Mich App 380, 383; 356 NW2d 645 (1984).]

Judge GILLIS dissented, reasoning:

> Based on the statute as worded prior to the 1979
> amendment, the Supreme Court strictly construed
> the statute to exclude thieves who conceal prop-
> erty they have stolen. One year later, however, the
> Legislature amended the statute, thereby changing
> the wording relied on by the Supreme Court in
> *Kyllonen* and, in my opinion, invalidating the
> analysis in that case. Further, since criminal stat-
> utes are not lightly or frequently amended, we
> cannot ignore the proximity in time between *Kyl-
> lonen* and the amendment and assume that the
> Legislature meant nothing by adding the words
> "possesses" and "conceals." The commentary cited
> in the majority opinion, 3 CJI, Ch 26 Commentary,
> Stolen Property, p 27, also supports this conclu-
> sion.
>
> The statute, as presently worded, is no longer
> consistent with the historical development of the
> crime outlined in *Kyllonen*. The everyday under-
> standing of the language presently employed in
> the statute now includes the person who commit-
> ted the larceny. See *Kyllonen, supra,* p 145. [*Hast-
> ings, supra,* pp 385-386.]

The prosecutor filed a motion for rehearing. It
was denied, with Judge GILLIS stating that he
would have granted the motion.

## IV

We agree with Judge GILLIS that the 1979
amendment removes the basis on which *People v
Kyllonen* concluded that the thief could not be
prosecuted under the statute. Prosecution of the
thief for possessing or concealing stolen property
does not torture the language of the statute, as it
would have to have so read the former prohibition
on buying, receiving, or aiding in the concealment
of stolen property.

In addition, the legislative history of the amend-
ment reveals that this was its purpose. The report
of the House Legislative Analysis Section on SB
24, the bill which became 1979 PA 11, linked the
"apparent problem" to this Court's decision in
*Kyllonen:*

> Michigan's concealment statute prohibits buy-
> ing, selling, or aiding in the concealment of stolen
> property. In January of 1978, the Michigan Su-
> preme Court held that a person who steals prop-
> erty cannot properly be charged under the conceal-
> ment statute, because buying or receiving from
> one's self, or aiding one's self in concealment is a
> tortuous interpretation of the present wording of
> the statute (*People v Kyllonen,* 402 Mich 135). As
> a result, a person being tried on a concealment
> charge who confesses to stealing the property in
> question cannot be convicted of concealment. Pros-
> ecutors view this as a loophole. Since possession of
> stolen property is often easier to prove than the
> actual theft of the property, they believe that
> effective prosecution demands that they have the
> option of charging suspected thieves under the
> concealment statute. This could be done if simple
> possession of stolen property were made part of
> the concealment statute.[2]

Accordingly, pursuant to MCR 7.302(F)(1), in
lieu of granting leave to appeal, we reverse the
judgment of the Court of Appeals and remand the
case to the Court of Appeals for consideration of
the other issues raised by the defendant that the
Court of Appeals did not reach in its earlier deci-
sion. We do not retain jurisdiction.

WILLIAMS, C.J., and RYAN, BRICKLEY, CAVANAGH,
BOYLE, and RILEY, JJ., concurred.

---

[2] The Court of Appeals did not discuss the legislative history. So far
as appears from the record, it was not called to the attention of the
Court until the prosecutor's motion for rehearing.

LEVIN, J. (*separate opinion*). On the merits, I agree, on the basis of the application for leave to appeal, the answer, and the briefs, with the reasoning and conclusion of the opinion of the Court.

I write separately to express my concern about the peremptory reversal of the judgment of the Court of Appeals in this case. Peremptory reversal should be reserved for those cases for which the law is settled and no factual assessment is required.[1] If leave to appeal were granted, there would be full briefing and oral argument. Notice would be provided to counsel representing other defendants affected by today's decision who might seek to file a brief as amicus curiae.

---

[1] See *Schweiker v Hansen,* 450 US 785, 791; 101 S Ct 1468; 67 L Ed 2d 685 (1981) (Marshall, J., *dissenting*) ("A summary reversal is a rare disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision below is clearly in error"); *Leis v Flynt,* 439 US 438, 457-458; 99 S Ct 698; 58 L Ed 2d 717 (1979) (Stevens, J., *dissenting*) ("Summary reversal 'should be reserved for palpably clear cases of . . . error'; *Eaton v Tulsa,* 415 US 697, 707 [94 S Ct 1228; 39 L Ed 2d 693 (1974)] [Rehnquist, J., *dissenting*]").

Similarly, see *People v Handley,* 422 Mich 859 (1985) (LEVIN, J., *dissenting*); *Sewell v Clearing Machine Corp,* 419 Mich 56, 65; 347 NW2d 447 (1984) (LEVIN, J., *concurring*); *Keenan v Secretary of State,* 422 Mich 885 (1985) (LEVIN, J., *dissenting*); *Pentz v Hendershott,* 422 Mich 893 (1985) (LEVIN, J., *dissenting*); see also *Endicott v General Motors Corp,* 422 Mich 864 (1985) (LEVIN, J., *dissenting*).