PEOPLE v METZLER

Docket Nos. 128751, 128752. Submitted January 14, 1992, at Detroit. Decided April 6, 1992, at 10:35 A.M.

Melvin Metzler, in separate jury trials in the Detroit Recorder's Court, James E. Roberts, J., was convicted of second-degree murder and possession with intent to distribute less than fifty grams of cocaine. The defendant appealed separately, and the appeals were consolidated.

The Court of Appeals *held:*

1. MCL 780.131; MSA 28.969(1) and MCR 6.004(D), which require that a state prison inmate be brought to trial on an untried criminal charge within 180 days of the time at which the prosecutor knows or has reason to know the inmate is incarcerated in a state prison, or the Department of Corrections knows or has reason to know that a criminal charge is pending, were not violated in this case. Because the Detroit Police Department did not enter information regarding the warrant authorizing the defendant's arrest for murder into the Law Enforcement Information Network, the Department of Corrections neither knew nor had reason to know of the murder charge at the time of the defendant's arrest, conviction, incarceration, and parole for a larceny offense in Oakland County. At that same time, the Wayne County Prosecutor did not know of the incarceration. The 180-day rule also was not violated during the period between the defendant's arrest for cocaine possession and trial on the murder charge because he was not a state prison inmate during that period, but was held in jail under a parole hold from the Department of Corrections.

2. The defendant's right to a speedy trial under US Const, Am VI; Const 1963, art 1, § 20; and MCL 768.1; MSA 28.1024 was not violated. Although the delay resulted in the unavailability of certain witnesses, the delay was not prejudicial to the defendant because the testimony of those witnesses would have been adverse to him.

3. Contrary to the defendant's claim on appeal, there was

REFERENCES

Am Jur 2d, Criminal Law §§ 652 *et seq.*

See the Index to Annotations under Commencement of Action or Proceeding; Speedy Trial.

sufficient evidence from which a rational trier of fact could have concluded that the essential elements of second-degree murder were proven beyond a reasonable doubt. Because the prosecutor had established the corpus delicti of the offense with evidence other than the defendant's confession, the admission of the confession did not violate the corpus delicti rule.

4. There was sufficient evidence to support the conviction of possession with intent to deliver cocaine.

5. Other alleged errors by the trial court were not properly preserved for appeal, and manifest injustice will not result from the failure of the Court of Appeals to consider those claims.

Affirmed.

CONNOR, J., dissenting in part, stated that the 180-day rule was violated because the Department of Corrections would have known of the murder charge were it not for the failure of the police to enter information regarding the murder warrant into the LEIN system and that the case should be remanded to the trial court for a grant of sentence credit under MCR 6.004(D)(2) for the period of delay caused by that failure.

CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE.

The rule requiring that a state prison inmate be brought to trial on an untried criminal charge within 180 days of the time at which the prosecutor knows or has reason to know the inmate is incarcerated in a state prison, or the Department of Corrections knows or has reason to know of the pending criminal charge, is not violated where delay of trial is caused by lack of notice to the prosecutor or the Department of Corrections due to failure of a police department to enter into the Law Enforcement Information Network information concerning the untried charge (MCL 780.131; MSA 28.969(1), MCR 6.004[D]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Kraizman & Kraizman* (by *Jack J. Kraizman*), for the defendant on appeal.

Before: MURPHY, P.J., and CAVANAGH and CONNOR, JJ.

MURPHY, P.J. Defendant Melvin Metzler appeals his convictions of second-degree murder, MCL 750.317; MSA 28.549, and possession with intent to distribute less than fifty grams of a mixture containing cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). The convictions were entered after separate jury trials. Defendant was sentenced to twenty to forty years' imprisonment for the murder conviction and to a concurrent sentence of seven to twenty years' imprisonment for the possession conviction. The appeals have been consolidated for review by this Court. We affirm both convictions.

On July 1, 1986, Carter Henderson was shot to death in front of 9800 Wyoming, Detroit, Michigan. According to several witnesses, Mr. Henderson entered the Gaines Bar on Wyoming Street late in the evening of July 1, 1986. Mr. Henderson appeared to be intoxicated and attempted to buy a drink while showing a handful of money. Mr. Henderson talked with two women in the bar and then left, followed by one of the women. Outside the bar, Mr. Henderson was attacked by five or six young men, one of whom was armed with a club and another with a gun. After a struggle, Mr. Henderson was shot several times, resulting in his death.

On July 23, 1986, a warrant was issued for defendant's arrest on a charge of first-degree murder for the shooting death of Mr. Henderson. On December 6, 1986, defendant was arrested in Oakland County, where he was subsequently charged and convicted of larceny in an amount over $100 and of being an habitual offender. After sentencing, defendant was remanded to the custody of the

Michigan Department of Corrections (MDOC). Apparently, neither the Oakland County law enforcement authorities nor the MDOC was aware of the outstanding Wayne County warrant for defendant's arrest in connection with Mr. Henderson's murder and therefore failed to notify the Wayne County Prosecutor's Office that defendant was incarcerated.

On November 10, 1988, defendant was released on parole for the Oakland County convictions. On June 1, 1989, defendant was arrested for possession of less than fifty grams of a mixture containing cocaine. While processing defendant for the arrest on the drug charge, the Detroit Police Department discovered the outstanding murder warrant. Defendant was subsequently charged and convicted of the possession offense and of second-degree murder.

I

We address first defendant's contention that the trial court erred in denying his motion to dismiss the murder charge on the ground that he was not brought to trial within 180 days. We conclude that the 180-day rule was not violated.

MCL 780.131; MSA 28.969(1) requires that a prisoner charged with a crime in this state be brought to trial within 180 days from the time that the MDOC is notified that the charge is pending and subsequently notifies the prosecutor in question of the location of the prisoner. This period does not begin to run, however, unless the prosecutor knows or should know that the defendant is incarcerated or the MDOC knows or should know that a warrant, indictment, information, or complaint is pending against a person in its custody. *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978); see also MCR 6.004(D).

In this case, defendant was in the custody of the MDOC pursuant to the Oakland County charges on February 12, 1987, and released on parole on November 10, 1988, without being brought to trial on the murder charge. The prosecutor, however, did not have actual notice that defendant was incarcerated during this period nor was the MDOC notified with regard to the outstanding warrant during this period, apparently because the Detroit Police Department failed to enter information regarding the warrant into the Law Enforcement Information Network. We therefore conclude that, under the circumstances of this case, it cannot be said that either the prosecutor or the MDOC should have known of defendant's incarceration. Under the facts of this case, we simply are unwilling to construe the 180-day rule under the statute or the court rule in a manner that results in a violation based on the alleged unintentional inaction or negligence of anyone other than the prosecutor or the MDOC.

In addition, defendant was arrested on the possession charge on June 1, 1989, but was not brought to trial on the murder charge until December 4, 1989. Because defendant was apparently held in a local facility with an MDOC parole hold, however, he was not an inmate of a penal institution of this state for purposes of the 180-day rule. *People v Hastings,* 136 Mich App 380, 382; 356 NW2d 645 (1984), rev'd on other grounds 422 Mich 267; 373 NW2d 533 (1985); *People v Rose,* 132 Mich App 656, 658; 347 NW2d 774 (1984).

II

We also find to be without merit defendant's argument that he was denied a speedy trial as guaranteed by the federal and state constitutions,

US Const, Am VI; Const 1963, art 1, § 20, and also by MCL 768.1; MSA 28.1024. In determining whether a defendant was denied a speedy trial, we consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant. *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972); *Hill, supra,* 283.

Defendant contends that he was prejudiced by the delay because four witnesses were unavailable for trial. Because the delay lasted more than eighteen months, it is presumed to be prejudicial unless the prosecution proves otherwise. *People v Sickles,* 162 Mich App 344, 354; 412 NW2d 734 (1987). In this case, however, the prosecution demonstrated that the unavailability of the witnesses was not caused by the delay and that the witnesses' statements were actually adverse to defendant, so that there was no prejudice to him.

In addition, defendant first asserted his right to a speedy trial in a postverdict motion to dismiss. Although defendant's failure to earlier assert his right to a speedy trial does not waive consideration of this issue, his failure to timely do so weighs against defendant. *People v Hammond,* 84 Mich App 60, 67-68; 269 NW2d 488 (1978). We therefore conclude that defendant was not denied a speedy trial.

III

Defendant next contends that the evidence presented at trial was insufficient to support the murder conviction. When reviewing a challenge to the sufficiency of the evidence presented at trial, this Court views the evidence in the light most favorable to the prosecution and determines whether a rational trier of fact could find that the

essential elements of the crime were proven be-
yond a reasonable doubt. A trier of fact may make
reasonable inferences from the facts, but may not
make inferences completely unsupported by any
direct or circumstantial evidence. *People v Pe-
trella,* 424 Mich 221, 275; 380 NW2d 11 (1985);
*People v Vaughn,* 186 Mich App 376, 380; 465
NW2d 365 (1990).

In this case, sufficient evidence was presented at
trial from which a rational trier of fact could have
concluded that the essential elements of the crime
were proven beyond a reasonable doubt. Testimony
was presented that on the night of July 1, 1986,
gunshots were heard outside 9800 Wyoming in
Detroit and a man was seen lying in the street
beside a red Cadillac. Five or six young men were
seen standing near the man, and one had a club.
The victim was found dead at the scene of the
shooting, having been shot four times with a
small-caliber gun. Defendant then confessed to the
police that he had been involved in the robbery of
Mr. Henderson.

Defendant argues, however, that his confession,
which was admitted into evidence over his objec-
tion, is the only evidence offered at trial tending to
prove that he was involved in Mr. Henderson's
murder. Defendant correctly asserts that an ac-
cused's confession cannot be used to establish the
corpus delicti of a crime. *People v Cotton,* 191
Mich App 377, 387; 478 NW2d 681 (1991); *People v
Williams,* 114 Mich App 186, 193; 318 NW2d 671
(1982).

All that the prosecution need prove to establish
the corpus delicti of the crime, however, is the
death of the victim and some criminal agency as
its cause. *Cotton, supra,* 387. The prosecution need
not establish that the defendant is the perpetrator
in order to establish the corpus delicti. Once the

corpus delicti is established, the prosecution may then introduce a defendant's confession. *Id.* In this case, the prosecution introduced ample evidence that the victim's death was the result of criminal agency. Defendant's argument is therefore without merit.

IV

Defendant also contends that insufficient evidence was presented to support the conviction of possession with intent to deliver less than fifty grams of cocaine. At trial, evidence was presented that a police officer saw defendant hand a package that appeared to contain narcotics to a person who had just handed money to a third person. When defendant was apprehended less than a minute later, defendant was in possession of $520 and eighteen individual packages, one of which was later determined to contain cocaine. From this evidence, it was reasonable for the trier of fact to conclude that defendant possessed less than fifty grams of cocaine with the intent to deliver it. See *Petrella, supra,* 275.

V

The remaining issues raised by defendant regarding alleged improper jury instructions and the introduction of defendant's confession into evidence are not preserved. Although defendant objected to the admission of the confession at trial, he did not specify the same ground for the objection as now raised on appeal, thus failing to preserve review by this Court on that newly raised ground. See *People v Furman,* 158 Mich App 302, 329-330; 404 NW2d 246 (1987). We decline to review these unpreserved issues, concluding that manifest injustice will not result.

Affirmed.

CAVANAGH, J., concurred.

CONNOR, J. *(concurring in part and dissenting in part)*. I agree the defendant's convictions should be affirmed. I dissent from the Court's decision that the 180-day rule was not violated by the neglect of law enforcement officials to enter information regarding the warrant into the Law Enforcement Information Network (LEIN) system. The LEIN system is the computer program that law enforcement officials utilize to notify one another of outstanding warrants.

In order to effectuate the purpose of the 180-day rule, the Supreme Court, in *People v Hill,* 402 Mich 272; 262 NW2d 641 (1978), added a caveat to the statute in holding that the 180-day period begins to run not only from when the prosecutor "knows or should know" that a charge is pending against the state prison inmate, but also from when "the Department of Corrections knows or should know" of such a charge. *Id.,* 280-281. The Court so held "because we are confident that the Legislature which drafted the 180-day rule did not intend to empower law-enforcement officials to defeat this statutory protection afforded to defendants by failing or refusing to serve formal notice." *Id.,* 281. The Court originally imposed the statutory remedy of dismissal. MCR 6.004(D) modified *Hill* by changing the remedy to credit for time served during the delay attributable to lack of notice from the Department of Corrections.

This case presents for the first time a breach of the initial duty of law enforcement officials to notify the Department of Corrections of the outstanding warrant. I believe the Court must find that the Department of Corrections "should have

known" of the pendency of the untried charges because they would have known but for the failure of law enforcement officials to enter information about the warrant into the LEIN system. Had the duty not been breached, defendant would have been tried years earlier and a portion of his most recent sentences could have been served concurrently with his previous sentence. The breach of the duty has effectively permitted consecutive sentencing when it would not have been proper had the duty not been breached.

I would remand to the trial court for computation of the period of delay that defendant is entitled to receive as a sentence credit under MCR 6.004(D)(2).