PEOPLE v TAYLOR

Docket No. 154393. Submitted April 15, 1993, at Detroit. Decided May
    3, 1993, at 9:35 A.M.

    Roderick Taylor was charged in the Detroit Recorder's Court,
with first-degree retail fraud. The court, Michael F. Sapala, J.,
dismissed the charge, ruling that the 180-day rule was violated
when the charge was left untried more than 180 days after the
defendant was incarcerated for an unrelated offense by the
Department of Corrections, which did not notify the Wayne
County Prosecutor of the incarceration. The prosecution ap-
pealed.

    The Court of Appeals *held:*

    MCR 6.004(D) requires a prosecutor to make a good-faith
effort to bring any criminal charge against a state prisoner
within 180 days of when the prosecutor knows that the person
is incarcerated or within 180 days of when the Department of
Corrections knows or has reason to know that a criminal
charge is pending against the person. Where, as in this case,
the prosecutor's failure to bring the charge to trial within 180
days is attributable to a lack of notice from the department,
the person is entitled only to sentence credit for the period of
delay, not dismissal of the charge.

    Reversed and remanded.

CRIMINAL LAW — SPEEDY TRIAL — PRISON INMATES — 180-DAY RULE.

    The remedy for a failure to bring to trial a pending criminal
charge against a state prisoner within 180 days of when the
Department of Corrections knew or should have known of the
charge is sentence credit for the period of delay (MCR 6.004[D]
[2]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *John D. O'Hair,* Prosecut-
ing Attorney, *Timothy A. Baughman,* Chief of
Research, Training, and Appeals, and *Janet A.*

REFERENCES

Am Jur 2d, Criminal Law § 849 *et seq.*, §§ 868-873.

See ALR Index under Speedy Trial.

*Napp,* Assistant Prosecuting Attorney, for the people.

*Markus S. Simon,* for the defendant.

Before: Wahls, P.J., and MacKenzie and Taylor, JJ.

Taylor, J. The Wayne County Prosecutor appeals a Detroit Recorder's Court order dismissing with prejudice a retail fraud[1] charge against defendant on the basis of a violation of the 180-day rule, MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.* We reverse.

Defendant was imprisoned in Oakland County, during which time 180 days passed without defendant being prosecuted for a pending Wayne County (Recorder's Court) retail fraud charge. The defense moved to dismiss the Wayne County charge pursuant to the 180-day rule. As best we can determine from the record, defendant's Oakland County probation officer knew of the pending Wayne County case, as evidenced by the contents of the presentence report Oakland County sent to the Michigan Department of Corrections (MDOC). However, the Wayne County Prosecutor was not notified by the Oakland County probation office or the MDOC that defendant was in prison.[2]

The prosecution argues as it did below that because the MDOC failed to notify the Wayne County Prosecutor that defendant was in its custody, the appropriate remedy is to give defendant sentence credit for time served during the period

[1] Defendant was charged with first-degree retail fraud under MCL 750.356c; MSA 28.588(3).

[2] We cannot tell from the record whether the probation officer in question was an Oakland County or a Wayne County probation officer. However, in light of defense counsel's responsive argument, it was probably an Oakland County probation officer.

of the delay pursuant to MCR 6.004(D)(2), rather than dismissal without prejudice pursuant to MCL 780.133; MSA 28.969(3).

Defendant contends that in light of the presentence report information sent to the MDOC after defendant's Oakland County sentencing, the MDOC was clearly on notice of the charge pending in Wayne County, but took no action. Therefore, the MDOC failed to take the action required under MCL 780.131; MSA 28.969(1), and the appropriate remedy is dismissal under MCL 780.133; MSA 28.969(3).

The trial court agreed with the defendant, and the prosecutor appeals as of right.

MCL 780.131; MSA 28.969(1) requires that a prisoner charged with a crime in this state be brought to trial within 180 days of the time that the MDOC is notified of the pending charge and the MDOC subsequently notifies the prosecutor in question of the prisoner's location. The appellate courts of this state originally construed the statute to hold that this period did not begin unless the prosecutor knew or should have known that the defendant was incarcerated *or* the MDOC knew or should have known that a warrant, indictment, information, or complaint was pending against a person in its custody. *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978); *People v Metzler,* 193 Mich App 541, 544; 484 NW2d 695 (1992).

However, *Hill* has now been modified by court rule. MCR 6.004(D), a new rule effective October 1, 1989, reads in part:

(1) The 180-Day Rule. Except for crimes exempted by MCL 780.131(2); MSA 28.969(1)(2), the prosecutor must make a good faith effort to bring a criminal charge to trial within 180 days of *either* of the following:

(a) the time from which the prosecutor knows that the person charged with the offense is incarcerated in a state prison . . . or

(b) the time from which the Department of Corrections knows or has reason to know that a criminal charge is pending against a defendant incarcerated in a state prison.

For purposes of this subrule, a person is charged with a criminal offense if a warrant, complaint, or indictment has been issued against the person.

(2) Remedy. In cases covered by subrule (1)(a), the defendant is entitled to have the charge dismissed with prejudice if the prosecutor fails to make a good-faith effort to bring the charge to trial within the 180-day period. When, in cases covered by subrule (1)(b), the prosecutor's failure to bring the charge to trial is attributable to lack of notice from the Department of Corrections, the defendant is entitled to sentence credit for the period of delay. [Emphasis added.]

What can be seen then from a plain reading of this court rule is that the 180-day period begins when "the prosecutor knows" that the person is incarcerated, *not* when the prosecutor knows *or has reason to know* of the incarceration. Thus, a prosecutor must now have actual, not imputed, knowledge of the incarceration in order for the 180-day period to be triggered. Also changed by this court rule was the remedy for failure of the MDOC to notify the prosecutor. Compare *Hill, supra,* 280-281, with MCR 6.004(D)(2).

This Court has previously construed the 180-day rule statute in such a way that neither the MDOC nor prosecutors are responsible for the unintentional inaction or negligence of a third party preventing the dissemination of the information that invokes the 180-day rule. *Metzler, supra,* 545.[3] By

[3] The operative events in *Metzler* occurred before the effective date of MCR 6.004(D), so the court rule was not analyzed.

adopting MCR 6.004(D), our Supreme Court has clearly codified a construction of the 180-day rule statute that no longer makes prosecutors responsible for negligence by the MDOC in the dissemination of the information that invokes the 180-day rule.

We do not read MCR 6.004(D) as being in conflict with the 180-day rule statute itself. Rather, it is a modification of our Supreme Court's earlier construction of that statute.

We conclude that there was no 180-day rule violation on the facts before us; therefore, the trial court's order dismissing this matter with prejudice was in error, and it is reversed. This matter is remanded for the computation of sentence credit to be given.

Reversed and remanded.