PEOPLE v BOWMAN

Docket No. 92163. Argued December 8, 1992 (Calendar No. 3). Decided June 22, 1993.

Joseph Bowman was convicted by a jury in the Oakland Circuit Court, Robert C. Anderson, J., of armed robbery, first-degree criminal sexual conduct, and possession of a firearm during the commission of a felony. The Court of Appeals, HOOD, P.J., and JANSEN and G. S. ALLEN, JJ., reversed in an opinion per curiam, finding that the Interstate Agreement on Detainers had been violated (Docket No. 69453). The people appeal.

In an opinion per curiam, signed by Justices BRICKLEY, BOYLE, RILEY, and GRIFFIN, the Supreme Court held:

The Interstate Agreement on Detainers requires that trial begin within 180 days after a prisoner against whom a detainer is lodged causes a request for final disposition of the underlying charge to be delivered to the prosecutor of the appropriate jurisdiction. The period begins to run when the prisoner has caused delivery, which is actual receipt. Because in this case the prisoner's request for final disposition was never received by the appropriate authorities in Michigan, the 180-day period did not begin to run, requiring reversal and reinstatement of the judgment of the trial court.

Chief Justice CAVANAGH, joined by Justices LEVIN and MALLETT, concurring, stated that a defendant incarcerated out of state, against whom Michigan criminal charges are pending and a detainer is lodged under the Interstate Agreement on Detainers, and who submits a request for disposition of the charges to a sending state official who, in turn, causes delay in forwarding the request to the Michigan prosecutor, should receive sentence credit for the period of delay.

Reversed.

189 Mich App 215; 471 NW2d 645 (1991) reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas R. Grden,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*) for the defendant.

PER CURIAM. The Court of Appeals reversed the defendant's convictions on the ground that this case should have been dismissed because of a violation of the Interstate Agreement on Detainers. We conclude that the Court of Appeals erred, and we therefore reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

I

In November 1977, the Oakland County prosecuting attorney authorized a complaint that charged the defendant with armed robbery,[1] first-degree criminal sexual conduct,[2] and possession of a firearm during the commission of a felony.[3] On the basis of the complaint, the district court issued a warrant for his arrest. The defendant was not apprehended for several years.

In early 1980, the Pontiac Police Department learned that the defendant was incarcerated in Ohio. A Pontiac officer then lodged a detainer, pursuant to the Interstate Agreement on Detainers.[4] A record clerk at the Ohio prison confirmed receipt of the detainer.

The IAD provides that a prisoner against whom a detainer is lodged may request final disposition of the charge that underlies the detainer. IAD, article III(a). Twelve days after the prison record clerk

---

[1] MCL 750.529; MSA 28.797.

[2] MCL 750.520b(1)(e); MSA 28.788(2)(1)(e).

[3] MCL 750.227b; MSA 28.424(2).

[4] MCL 780.601 *et seq.*; MSA 4.147(1) *et seq.* The IAD has also been adopted by nearly every state, the District of Columbia, and the federal government. In Ohio, it appears as Ohio Rev Code 2963.30 to 2963.35. Enacted by Congress, the IAD appears as an appendix to title 18 of the United States Code.

acknowledged receipt of the detainer, the defendant executed such a written request on the proper form and gave it to the appropriate prison authority.

The IAD further provides that a prisoner's request must be forwarded to the prosecuting authorities. IAD, article III(b). However, the defendant's request for final disposition was never sent to the Oakland County prosecuting attorney or to the district court in Michigan.[5]

Approximately fifteen months after requesting final disposition of the Michigan charges, the defendant was paroled in Ohio. He waived extradition, and returned to Michigan to face the charges that were pending against him.

Before and after trial, the defendant repeatedly protested that the IAD had been violated and, therefore, that this case should be dismissed. In particular, the defendant relied upon article III(a) of the IAD, which provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, *he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment and his request for a final disposition* to be made of the indictment, information or complaint . . . . [Emphasis added.]

[5] At an evidentiary hearing concerning these events, the Ohio record clerk testified that the Ohio file does not contain the cover letter or the return receipt that would be present if the defendant's request had been properly transmitted to Michigan.

The defendant also relied upon article V(c), which states:

> If . . . an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

The district court and the circuit court denied the defendant's motions for relief under the IAD. Following a jury trial, he was convicted of armed robbery, first-degree CSC, and felony-firearm.[6]

The Court of Appeals reversed the defendant's conviction. 189 Mich App 215; 471 NW2d 645 (1991). We then granted the prosecutor's application for leave to appeal. 439 Mich 1002 (1992).

II

As indicated, the IAD requires that trial begin within 180 days after a prisoner "shall have caused [the request for final disposition] to be delivered." In *People v Fex*, 439 Mich 117; 479 NW2d 625 (1992), we were asked to determine the starting point for the 180-day period. Specifically, the issue was whether the 180-day period begins to run on the date the prisoner's request is given to prison authorities, or on the date the request is received by officials of the state where the prosecution is pending.

We held in *Fex* that "the period runs from the

---

[6] The defendant was sentenced to concurrent life terms of imprisonment, to be preceded by a two-year consecutive term of imprisonment for felony-firearm.

time when the prisoner has caused *delivery*, which is actual receipt." 439 Mich 120. *Fex* concerned tardy delivery, and we reserved the question how the IAD should be applied in a case, such as this one, where the request is simply not sent to the receiving state. 439 Mich 123, n 6.

Following submission of the present case, the United States Supreme Court affirmed our decision in *Fex. Fex v Michigan*, 507 US —; 113 S Ct 1085; 122 L Ed 2d 406 (1993).

In considering the effect of the United States Supreme Court's *Fex* opinion, we are mindful that the IAD is a congressionally sanctioned interstate compact,[7] construction of which presents a federal question. *People v McLemore*, 411 Mich 691, 693-694; 311 NW2d 720 (1981); *Cuyler v Adams*, 449 US 433, 438-442; 101 S Ct 703; 66 L Ed 2d 641 (1981); *Carchman v Nash*, 473 US 716, 719; 105 S Ct 3401; 87 L Ed 2d 516 (1985).[8]

In its *Fex* opinion, the United States Supreme Court affirmed our determination that a prisoner has "caused to be delivered" a request for final disposition only when the request is received by the officials in the prosecuting state. The Court rejected the contention that "a prisoner's transmittal of an IAD request to the prison authorities commences the 180-day period even if the request gets lost in the mail and is never delivered to the 'receiving' State . . . ." 122 L Ed 2d 413.

The United States Supreme Court also said in *Fex* that "the IAD unquestionably requires *delivery*, and only after that has occurred can one entertain the possibility of counting the 180 days from the transmittal to the warden." 122 L Ed 2d 414. Believing that "[c]ausation of delivery is the

[7] US Const, art I, § 10, cl 3.

[8] See also *People v Smith*, 438 Mich 715, 728, n 6; 475 NW2d 333 (1991) (opinion of BOYLE, J.).

very condition of this provision's operation," 122 L Ed 2d 412, n 2, the United States Supreme Court concluded that the statutory phrase "shall have caused to be delivered" is not susceptible "of a reading that would give effect to a request that is never delivered *at all.*" 122 L Ed 2d 415.

### III

We reaffirm our holding in *Fex* that the 180-day period of article III(a) "runs from the time when the prisoner has caused *delivery,* which is actual receipt." In the present case, the prisoner's request for final disposition was never received by the appropriate authorities in Michigan, and thus the 180-day period did not begin to run. Accordingly, the IAD does not require dismissal.[9]

We thus agree with the United States Supreme Court that, until notified of a request for final disposition, the prosecutor should not be at risk of having the case dismissed. In this case, the Oakland County prosecuting attorney was not the party responsible for the failure to bring this defendant to trial within 180 days of his request for final disposition, and we see no ground upon which to require dismissal of this prosecution.

For these reasons, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

BRICKLEY, BOYLE, RILEY, and GRIFFIN, JJ., concurred.

---

[9] It has been suggested that an alternative remedy would be to grant sentence credit in Michigan for the time added to the defendant's total incarceration as the result of the inaction of Ohio officials. We decline to adopt that remedy, seeing no statutory basis for it. We observe, however, that the failure of another state's authorities to process promptly an IAD request could be an appropriate consideration as a Michigan judge exercises sentencing discretion.

CAVANAGH, C.J. (*concurring*). Although I agree with this Court's decision, I would award defendant. sentence credit for the period of delay the Ohio correctional facility caused by failing to deliver the appropriate documents to the Michigan prosecutor.

MCL 780.131; MSA 28.969(1)[1] governs charges filed against a defendant who already is incarcerated in a Michigan correctional institution. The statute, similar to the Interstate Agreement on Detainers, requires the prosecutor to bring the defendant to trial within 180 days of receiving notice of where the defendant is incarcerated. When the defendant is incarcerated in Michigan, the statute requires the incarcerating institution to notify the prosecutor that the defendant is incarcerated in its facility. The IAD, however, requires the defendant who is incarcerated outside Michigan to submit notice to the Michigan prosecutor, requesting disposition of the charges.

In *People v Hill*, 402 Mich 272, 280-281; 262 NW2d 641 (1978), this Court stated that the 180-day period for Michigan prisoners begins to run either when the prosecutor knows or should know

---

[1] Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed·upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

of a charge against a Michigan state prisoner, or when the Department of Corrections knows or should know that charges have been filed against one of its inmates. The IAD's 180-day period begins only when the prosecutor receives a defendant's request for disposition of the charges. *People v Fex*, 439 Mich 117; 479 NW2d 625 (1992), aff'd 507 US —; 113 S Ct 1085; 122 L Ed 2d 406 (1993).

MCL 780.133; MSA 28.969(3)[2] mandates dismissal of the charges against a defendant incarcerated in Michigan if the 180-day period is violated. The IAD, article V(c), similarly requires dismissal of charges for violating the 180-day period.[3]

This Court promulgated MCR 6.004(D),[4] how-

---

[2]   In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

[3] Article V(c) states:

If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction . . . shall enter an order dismissing the charges with prejudice . . . . [MCL 780.601; MSA 4.147(1).]

[4] MCR 6.004(D) states:

(D) Untried Charges Against State Prisoner.
(1) The 180-Day Rule. Except for crimes exempted by MCL 780.131(2); MSA 28.969(1)(2), the prosecutor must make a good-faith effort to bring a criminal charge to trial within 180 days of either of the following:
(a) the time from which the prosecutor knows that the person charged with the offense is incarcerated in a state prison or is detained in a local facility awaiting incarceration in a state prison, or
(b) the time from which the Department of Corrections

ever.[5] Currently the remedy for violating the 180-day rule depends on who is responsible for failing to meet the deadline. MCR 6.004(D)(2) requires dismissal with prejudice if the prosecutor is responsible for not making a good-faith effort to meet the 180-day deadline. If the Department of Corrections is responsible for failing to notify the prosecutor that the defendant is incarcerated in a state prison, then the defendant is entitled only to sentence credit for the period of delay.

The IAD, article III(b), requires the sending state to promptly forward defendant's request for disposition of charges to the appropriate Michigan prosecutor, but the IAD does not provide a remedy when the sending state fails to comply. The IAD remedy of dismissal is not available because the 180-day deadline does not commence until the Michigan prosecutor receives defendant's request.

knows or has reason to know that a criminal charge is pending against a defendant incarcerated in a state prison or detained in a local facility awaiting incarceration in a state prison.

For purposes of this subrule, a person is charged with a criminal offense if a warrant, complaint, or indictment has been issued against the person.

(2) Remedy. In cases covered by subrule (1)(a), the defendant is entitled to have the charge dismissed with prejudice if the prosecutor fails to make a good-faith effort to bring the charge to trial within the 180-day period. When, in cases covered by subrule (1)(b), the prosecutor's failure to bring the charge to trial is attributable to lack of notice from the Department of Corrections, the defendant is entitled to sentence credit for the period of delay. Whenever the defendant's constitutional right to a speedy trial is violated, the defendant is entitled to dismissal of the charge with prejudice.

[5] MCR 6.004(D) was adopted October 1, 1989, to modify *People v Hill, supra,* which addressed cases involving Michigan prisoners. See *People v Taylor,* 199 Mich App 549; 502 NW2d 348 (1993); *People v Metzler,* 193 Mich App 541, 549; 484 NW2d 695 (1992) (CONNOR, J., concurring in part and dissenting in part). In *Taylor,* the Court of Appeals correctly recognized that MCR 6.004(D) was adopted by this Court and is not in conflict with the statutory provision regarding the 180-day rule. The court rule merely is a modification of our earlier interpretation of the statute addressed in *Hill.*

I believe that if the Michigan defendant receives sentence credit for the period of delay resulting from the failure of the Department of Corrections to notify the prosecutor, then the out-of-state defendant should be accorded the same treatment when the sending state fails to forward defendant's request to Michigan.[6] Therefore, when the out-of-state defendant submits his request for disposition of Michigan charges to the sending state's official, and that official causes delay in forwarding the request to the Michigan prosecutor, the defendant should receive sentence credit for the period of delay.

Accordingly, I would remand for the computation and award of appropriate sentence credit.

LEVIN and MALLETT, JJ., concurred with CAVANAGH, C.J.

---

[6] Without sentence credit, article III(b) of the IAD would be meaningless. Providing sentence credit here is consistent with how this Court treats Michigan prisoners.