*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 12, 2021

Plaintiff-Appellee,

v

No. 346845
Wayne Circuit Court
LC No. 16-001486-01-FC

STEVEN JEROME GOODMAN,

Defendant-Appellant.

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

RIORDAN, P.J. (*dissenting*).

I respectfully dissent.

Defendant Steven Jerome Goodman appeals as of right his bench-trial convictions of one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f; and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to three to ten years in prison for the felon-in-possession count, to be served consecutive to the mandatory five-year sentence for the felony-firearm count, as it was his second such conviction. Now defendant argues that the prosecution failed to prove beyond a reasonable doubt that he actually or constructively possessed a firearm or, alternatively, that reversal is required because the guilty verdicts are against the great weight of evidence. I disagree with the majority which concludes that because a firearm was not found in defendant's possession at his home or in another location, the convictions cannot stand and I would affirm defendant's convictions.[1]

---

[1] The majority also supports its analysis, and reversal, with the notion that because the prosecutor fails to present any cases with a factual scenario similar to the one presently before us, by extension, defendant's convictions must be vacated. Interestingly, neither the majority nor defendant cite any constructive possession cases where the absence of a firearm in evidence necessarily requires acquittal.

In finding defendant guilty of possessing a firearm, the trial court explained as follows:

 Um, there is a stipulation that he was convicted felon and his rights had not been restored.

 We have testimony from. . . . Willie Plummer that, uh, subsequent to June 6th, um, Mr. Goodman attempted to, uh, sell a firearm. Or I think the testimony was that the defendant, uh, asked Mr. Plummer if he knew anyone, uh, he wanted to buy a gun.

 Mr. Plummer was very specific it was a shotgun and a .32 caliber, uh, pistol. And um, Mr. Plummer based on my view of him was a very credible witness.  He, he certainly, you know, even after some time was able to provide details about the conversation and about other things that are pertinent to this case.  And there's no question that these facts arose a number of years ago back in June of 2015, but he was very clear about, um, his answers and the fact that it was the defendant who wanted to sell these firearms.

 Additionally, um, Mr. Goodman had a Chrysler, um, that was searched, and in the back there was a gun case that was in the back of his vehicle.  And while that gun case was empty, um, that would be additional indicia that even though no one saw him, uh, um, actually holding a gun, that doesn't mean that he didn't possess one during any relevant, uh, timeframe.

 In fact, in order to establish possession, the, uh, Michigan Criminal Jury Instruction, 11.34b, uh, clearly provides that possession does not necessarily mean ownership.  It simply means that the person has -- actually physical -- it could mean that he was either actual physical control of the thing.

 In other words, could be on his person, or that he knows the location of the firearm and has reasonable access to it.  So, it was not . . . Mr. Goodman didn't have to have, uh, a gun on him at the time that he, uh, spoke to Mr. Plummer in order to, uh, possess one.  The law does not require that.  It simply provides that there has to be evidence that he possessed, uh, a gun.

 You know, in this, in a case -- in this case I, I think there is constructive possession.

 Um, it's clearly I, I think it's incredible to believe that somebody who's offering to sell a gun doesn't have possession of it.  In other words, the right to control it.  Um, so I think there is evidence beyond a reasonable doubt that he is guilty of, uh, felon in possession of a firearm.

 Uh, additionally with regard to the crime of felony firearm, um, to establish the elements of that crime it is necessary to find that the -- beyond a reasonable doubt that, uh, the defendant committed the crime of felon in possession, and that, um, he at the time that he committed that crime he knowingly, uh, possessed a firearm.  And again, possession can be constructive.

So, uh, because possession of a firearm is an essential element of felon in possession and felony firearm, it would be, uh, a bit strange and incongruous to find him guilty of felon in possession of firearm [sic] and find him not guilty of felony firearm. So, um, I do think there is proof beyond a reasonable doubt that he's also guilty of the felony firearm.

Defendant now appeals.

The sufficiency of the evidence to support a conviction may be raised for the first time on appeal. *People v Patterson*, 428 Mich 502, 514-515; 410 NW2d 733 (1987). A challenge to the sufficiency of the evidence is reviewed de novo. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). When reviewing a challenge to the sufficiency of the evidence, the reviewing court "must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Hill*, 257 Mich App 126, 140-141; 667 NW2d 78 (2003). A trier of fact may make reasonable inferences from the facts if the inferences are supported by direct or circumstantial evidence. *People v Metzler*, 193 Mich App 541, 547; 484 NW2d 695 (1992).

A trial court's factual findings are reviewed for clear error and its conclusions of law are subject to review de novo. *Ligon v Detroit*, 276 Mich App 120, 124; 739 NW2d 900 (2007). A trial court commits clear error "when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993). Generally, where the factual findings are insufficient, the appropriate remedy is to remand the case for additional fact-finding. *People v Jackson*, 390 Mich 621, 628; 212 NW2d 918 (1973).

MCL 750.224f sets forth the crime of felon-in-possession. MCL 750.224f(1) provides that "a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm . . . ." It was stipulated that the defendant was previously convicted of a felony and ineligible to own a firearm.

MCL 750.227b sets forth the crime of felony-firearm. MCL 750.227b(1) provides that "[a] person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony . . . ." "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

The trial court found defendant guilty of felon-in-possession and felony-firearm under a constructive possession theory. A person has constructive possession of an object if there is proximity to the article together with indicia of control. *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011) (quotation marks and citation omitted). In addition, "a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Hill*, 433 Mich 464, 470-471; 446 NW2d 140 (1989). Possession is not dependent on the defendant's access to the firearm at the time of arrest, and ownership of the firearm is not required to find that defendant possessed the firearm. See *People v Burgenmeyer*, 461 Mich 431, 438-439; 606 NW2d 645 (2000).

In this case, when viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to find that defendant constructively possessed a firearm. As the trial court noted, the testimony showed that defendant's vehicle contained a firearm case, and defendant offered to sell Mr. Plummer two firearms. Importantly, although not noted by the trial court, Mr. Plummer explained that he specifically "described" the two firearms to the police as "[a] shotgun and a .32." Logically, Mr. Plummer would not have been in a position to "describe" the two firearms to the police if he did not personally view them during the attempted sale with defendant, or if defendant did not provide a detailed description of the firearms. It therefore follows that defendant possessed the firearms at least constructively during his interaction with Mr. Plummer.

Like the majority does now, during the oral argument of this matter, defendant observed that not only were the police unable to produce the firearms connected to defendant, but the prosecution was unable to provide any evidence directly placing the firearms in the actual possession of defendant. However, while no witness may have explicitly claimed to see the firearms in the actual possession of defendant, I do not believe that the evidence connecting him to the firearms to be as insignificant as the defendant argues or that the majority concludes. M Crim JI 11.34b provides that, for the purposes of felony-firearm, "possession" includes a situation in which "the person knows the location of the firearm and has reasonable access to it." In my view, the evidence here is sufficient to support such a finding. As such, there is no requirement that the actual firearm, or its actual, physical location be introduced and admitted as evidence at trial.

Defendant also argues that his conversation with Mr. Plummer, in which he inquired into whether Mr. Plummer would be interested in purchasing firearms, was not an offer to sell firearms, but rather simply was a question. Defendant characterizes the conversation as a vague, noncommittal inquiry which does not connote that he had dominion and control over any firearms. In other words, defendant argues that because no price or other consideration, terms of sale, or timeframe for any hypothetical transaction was discussed with Mr. Plummer, the conversation was not an offer and did not connote possession.

However, contrary to defendant's argument, there is no requirement that an offer to sell firearms for purposes of felon-in-possession or felony-firearm be accompanied by a price or a timeframe for the transaction, or that the terms of such a conversation equate to that of a contractual agreement. Nothing in these statutes suggests the need for such a hyper-technical transaction. Furthermore, the testimony of Mr. Plummer seems to suggest that the reason the conversation regarding the sale of the firearms did not progress any further was because Mr. Plummer quickly declined defendant's offer and informed defendant that he did not deal with firearms. In any event, for the purposes of the felon-in-possession and felony-firearm offenses, the only necessary fact is that defendant possessed a firearm at some point. The attempted sale is irrelevant.

The trial court stated that Mr. Plummer was a credible witness and found that defendant offering to sell Mr. Plummer firearms indicated that defendant had the right to control such firearms. The trial court also found that the firearm case discovered in defendant's vehicle represented additional indicia of control over a firearm by defendant. Defendant attempts to attack the firearm case evidence by arguing that Officer McDonald, who testified to the discovery of the firearm case, was attempting to spin his discovery by labeling the black box a firearm case.

Defendant claims that when Officer McDonald was pressed for details on the firearm case, he admitted that it was merely "a small square plastic box that a handgun could fit into."

However, defendant's argument clearly is a mischaracterization of Officer McDonald's testimony. The aforementioned description of the firearm case by Officer McDonald came after he was asked to describe the firearm case. It was not, as defendant attempts to characterize the testimony, Officer McDonald walking back his assertion that the box was a firearm case. Therefore, this was proper circumstantial evidence upon which the trial court could rely on in rendering its verdict on the charge of felon-in-possession and felony-firearm.

In summation, although a firearm was never recovered, there was testimony that defendant tried to sell two firearms in his constructive possession, and a firearm case was found in the trunk of his car. In addition, defendant conceded that he was a convicted felon who could not lawfully possess firearms. Taken in the light most favorable to the prosecution, there was sufficient evidence of felon-in-possession and felony-firearm.

There was sufficient evidence for defendant's convictions of felony-firearm and felon-in-possession and I would affirm the trial court. [2]

/s/ Michael J. Riordan

---

[2] Alternatively, defendant argues that reversal is required because the guilty verdicts were against the great weight of the evidence. I also would affirm the trial court as the guilty verdicts are not against the great weight of the evidence and reversal is not warranted. See *People v Lemmon*, 456 Mich 625, 636; 576 NW2d 129 (1998) (when analyzing a great-weight of the evidence challenge, no court may sit as the "13th juror" and reassess the evidence). To support a new trial, the witness testimony must contradict indisputable physical facts or laws, be patently incredible or defy physical realities, be so inherently implausible that it could not be believed by a reasonable juror, or have been seriously impeached in a case that was marked by uncertainties and discrepancies. *Id.* at 643-644. Absent such exceptional circumstances, deference is given to the fact-finder's determinations. *Id.* at 642-644. If "the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result," a new trial can be granted on this basis. *Id.* at 642 (quotation marks and citation omitted).

In the matter before us, the testimony against defendant to support the trial court's verdict of felony-firearm and felon-in-possession was not impeached, nor was it patently incredible, inherently implausible, or defiant of physical realities. Defendant fails to show how the evidence preponderated so heavily against the verdict that it would be a serious miscarriage of justice to allow it to stand. *Id.*